20690

BOBO BROTHERS, INC., Appellant, v. SOUTH CAROLINA TAX COMMISSION, Respondent.

Carl S. BOBO and Pansy S. Bobo, Appellants, v. SOUTH CAROLINA TAX COMMISSION, Respondent (two cases).

(244 S. E. (2d) 519)

*C. Rauch Wise,* Greenwood, *for appellants.*

*Atty. Gen. Daniel R. McLeod* and *Joe L. Allen, Jr., Deputy Atty. Gen., G. Lewis Argoe, Jr.,* and *John C. von Lehe, Asst. Attys. Gen.,* Columbia, *for respondent.*

May 17, 1978.

GREGORY, Justice:

Appellants, Carl S. Bobo and Pansy S. Bobo, and Bobo Brothers, Inc., brought identical actions against respondent South Carolina Tax Commission under Section 12-7-2300 and Section 12-47-440, 1976 Code of Laws of South Carolina, "for the abatement of assessed taxes." These combined appeals are from the orders of the lower court sustaining respondent's demurrers to the complaints. We affirm.

In a Finding and Order dated September 22, 1976, the Tax Commission assessed sales and use taxes and corporate income taxes against appellant Bobo Brothers, Inc., and assessed individual income taxes against appellants Carl and Pansy Bobo.

In October 1976, separate actions were brought in the New York County Court of Common Pleas for the "abatement" of these tax assessments. Appellants alleged the assessments were erroneous and arbitrary.

The lower court sustained respondent's demurrers to the two complaints after finding that Section 12-7-2300 does not authorize an action against respondent for the abatement of tax assessments[1] and that Section 12-47-440 authorizes such an action only by one who has paid the taxes or on whose behalf the taxes have been paid.

Both complaints allege only that respondent made erroneous and arbitrary assessments of corporate income, sales and use taxes, and individual income taxes. Neither complaint alleges that any taxes have been paid by or on behalf of any appellant. The complaints contain no allegations that an execution or distraint warrant has been issued, and contain no allegations of levy and sale of appellants' property.

Appellants concede on appeal that Section 12-47-440 authorizes an action for the abatement or refund of taxes only

---

[1] No exception was taken by appellants to this finding.

by one who has paid the disputed taxes or on whose behalf the taxes have beeen paid. Appellants argue, however, that they occupy the position of one on whose behalf the taxes have been paid by virtue of an execution and levy effected against their property by respondent. Appellants contend the execution and levy constitutes a payment on their behalf of the disputed taxes and brings them within the express provisions of the statute. This argument is based on facts not alleged in the complaints.

On appeal from an order of the lower court sustaining a demurrer this Court's review is limited to the allegations in the complaint, which are assumed to be true. *Ellett Brothers, Inc. v. Manos,* S. C., 239 S. E. (2d) 75 (1977).

The allegations in both complaints fail to state facts sufficient to establish, for the purpose of demurrer, that appellants either have paid the disputed taxes or occupy the position of one on whose behalf the taxes have been paid. This omission is fatal to each complaint.

The trial judge correctly sustained respondent's demurrers.

Appellants' second and final exception challenges the constitutionality of Section 12-47-440. This issue was not raised before the lower court and is asserted for the first time on appeal. It is well settled that a constitutional question not raised or passed upon in the lower court cannot be raised for the first time on appeal. *Eagerton v. Eagerton,* 265 S. C. 90, 217 S. E. (2d) 146 (1975). This exception is without merit.

Accordingly, the orders of the lower court sustaining respondent's demurrers are

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.