### 20767

James Trenton CASON, Respondent, v. Miriam Crutchfield CASON, Appellant.

(247 S. E. (2d) 673)

---

[2] For related cases, see 34 A. L. R. (2d) 372 at 402, 430 and 436.

*Julius B. Aiken,* Greenville, *for appellant.*

*Carter, Philpot, Johnson & Smith,* Greenville, *for respondent.*

September 18, 1978.

LEWIS, Chief Justice:

This action involves the obligation of the respondent-husband to pay alimony and support to his wife and children.

Appellant and respondent, formerly husband and wife, were divorced in 1969. Four children were born to the marriage. The divorce decree granted custody of the minor children to the appellant-wife, and awarded support for her and the children in the amount of $300.00 every four weeks, $250.00 of which was child support and $50.00 alimony. A previous petition by respondent for a reduction in the amount of child support, because of the emancipation of one of the children by marriage, was denied, thereby effecting an in-

crease from $62.50 to $83.33 in the proportionate amount of child support for each of the three remaining minor children.

Respondent brought this action seeking a termination of his obligation to continue support payments for a son, who had been killed in an automobile accident, and another son, Phillip, who had attained the age of eighteen (18) years. The answer and counterclaim of appellant admitted that one son had died and that the other, Phillip, had reached the age of eighteen (18) years; but denied that Phillip was emancipated by reason of his age, and additionally alleged that Phillip was physically disabled. Appellant also sought an increase in alimony and child support and an award of counsel fees.

The order of the lower court denied the request for an increase in alimony; terminated support payments for the deceased son and the son who had reached the age of eighteen (18) years; increased the support payments for the remaining child to the amount of $93.36 each four weeks; and denied the request for counsel fees. The appellant (wife) challenges in this appeal, basically, all of the material findings of the lower court, including those relating to the adequacy of alimony and child support, the disallowance of counsel fees, and the termination of support payments for the son, Phillip, who had reached the age of eighteen.

■ Most of the issues involve review of factual findings by the lower court which were resolved upon conflicting testimony. These factual findings involve no novel issues and a review here of the testimony would serve no useful purpose. We are convinced that there is ample support to sustain the conclusions of the trial judge relative to the amount of alimony and support for the remaining child under eighteen (18) years, and that there is no evidence to sustain the contention that the eighteen (18) year old son is physically disabled.

The decision of the lower court to terminate support payments to the son, Phillip, was based upon the conclusion that he, having attained the age of eighteen (18) is now emancipated, with no legal obligation on the part of respondent, the father, to further provide for his support. A review of this holding requires consideration of the recent change in the age of majority in this State and its effect upon the right of appellant to insist upon a continuation of the support payments provided under a prior court order.

By Act No. 15 of the Acts of 1975, the General Assembly ratified a constitutional amendment lowering the age of majority in this State from 21 to 18 years. This amendment is now Section 14 of Article 17 of the Constitution and is as follows:

Every citizen who is eighteen years of age or older, not laboring under disabilities prescribed in this Constitution or otherwise established by law, shall be deemed *sui juris* and endowed with full legal rights and responsibilities, provided, that the General Assembly may restrict the sale of alcoholic beverages to persons until age twenty-one.

After the adoption of the foregoing constitutional provision, the General Assembly enacted in 1976 what is now Code Section 15-1-320 (Supp.) relative to the meaning of the word "minors". The pertinent portion of this statute is found in paragraph (a) thereof and is as follows:

(a) All references to minors in the law of this State shall after February 6, 1975, be deemed to mean persons under the age of eighteen years except in laws relating to the sale of alcoholic beverages; provided, however, that any person performing any act or receiving any property, rights or responsibilities pursuant to an instrument executed prior to February 6, 1975, shall have his majority or minority determined by the law relating to majority or minority in existence at the time of the execution of such instrument.

Appellant argues that, under the quoted language of Section 15-1-320, she and her son, Phillip, obtained vested rights in and to the continuance of the support payments by respondent, which the 1969 divorce decree directed him to make. The relevant language from the decree states:

It is further ordered, adjudged and decreed that the defendant [respondent] be and he is hereby directed to pay direct to the plaintiff, by way of check, the sum of two hundred and fifty ($250.00) dollars every fourth week for the support and maintenance of the four minor, dependent children of the marriage, such payments to continue in their proper sequence as outlined in the temporary order of this Court dated May 20th, 1969;

The foregoing provision for support payments was contained in the decree of the court signed prior to February 6, 1975; and appellant contends that such right to support payments became vested so that, in accordance with the provision of Section 15-1-320, the majority or minority of the son, Phillip, must be "determined by the law relating to majority or minority in existence at the time of the execution of such instrument," i. e., the law in existence at the time the decree was signed.

Instead of the right to support arising from contract, as was the case in *Schadel v. Schadel,* 268 S. C. 50, 232 S. E. (2d) 17, respondent's obligation to support here is sought to be enforced under the divorce decree. Under settled principles, the liability for support of the minor child terminated when he reached the age of eighteen.

The divorce decree, requiring respondent to make support payments provided that such payments be made monthly, with no mention of their duration. It is well settled that the order for child support remained subject to the continuing review of the court and to modification by the court upon a showing of changed conditions. The constitutional and statutory provisions in question clearly

changed the conditions affecting the obligation for support under the decree by fixing a different date upon which liability to support a child terminated.

The General Assembly had the power to fix and change the age of majority; and when it reduced the age of majority from 21 to 18, the effect was to emancipate the child, Phillip, at the age of 18, thereby ending respondent's duty to support him. *Shoaf v. Shoaf,* 282 N. C. 287, 192 S. E. (2d) 299.

The fact, that the age of majority was twenty-one (21) at the time of the decree and the determination of the liability for support, does not create a vested right to have support continued to age 21 regardless of any change in the law. Certainly, there is nothing in the decree to warrant this conclusion. The decree could require respondent to support his child only until he reached majority or was otherwise emancipated. When he reached eighteen, he was emancipated and respondent was no longer obligated to support him. The court had no more authority to extend the obligation to support beyond the age of eighteen than it would have had to require support beyond emancipation for any other reason. *Shoaf v. Shoaf, supra.*

Appellant contends, however, that the duty to continue support must be determined under the law existing at the time of the decree because of the language of the above quoted provisions of Code Section 15-1-320, to the effect that any person receiving any property or rights pursuant to an *instrument* executed prior to February 6, 1975, shall have his majority or minority determined by the applicable law in existence at the time of the execution of such instrument. In other words, appellant argues that the divorce decree, ordering support payments, was an *instrument* within the meaning of the above statute and, since it was signed prior to February 6, 1975, the right of child support must be determined by the age of majority (21) in effect at the time the decree was signed. It is conceded that, if the term *instrument,* as used in the statute, means court

decrees and orders, then appellant's contention in this regard would be correct.

We do not think that the term instrument, as used in the statute, includes court decrees and orders. If court decrees are considered instruments, then the effect of the statute would be to continue liability for child support under existing court orders until age twenty-one. There is nothing in the language of the statute to warrant such conclusion. If the legislature had intended to continue pre-existing child support orders beyond the reduced age of majority (18), it would have been very simple to do so. Certainly, the effect of the change in the age of majority upon the hundreds of existing child support decrees or orders was not overlooked. The failure to *specifically* refer to existing obligations for child support under court orders is persuasive that no intent existed to legislate as to the effect of the change in the age of majority on such child support obligations. We refuse to read into the statute an intent to legislate upon such an important issue when the language used fails to clearly indicate that such was intended.

The use of the term "instrument" in the statute was intended to refer to private written agreements and to assure that any person under twenty-one, who was performing any act or receiving any property rights or responsibilities pursuant to such a private written agreement, executed prior to February 6, 1975, would have his majority or minority determined by the law in existence at the time of the execution of such written instrument.

Since the statutory language did not have the effect of continuing the pre-existing child support orders beyond the reduced age of majority, the lower court properly held that respondent was no longer required to support his son, Phillip.

The remaining issue concerns the disallowance of counsel fees. We conclude that the failure of the lower court to award reasonable counsel fees for ap-

pellant's attorney constituted an abuse of discretion, and that the matter should be remanded to the lower court for the determination and award of a reasonable allowance to the appellant-wife for attorney's fees. *Bond v. Bond,* 252 S. C. 363, 166 S. E. (2d) 302.

The judgment is accordingly affirmed, as modified, and remanded to the lower court for the determination of a reasonable allowance to appellant for counsel fees.

LITTLEJOHN, NESS, RHODES and GREGORY, J.J., concur.