## 20926

Thelma Louellen Frazier RISINGER, Respondent, v. Harvey Maxey RISINGER, Appellant.

(253 S. E. (2d) 652)

*William P. Walker, Jr.,* of *Walker, Hendrix & Williams,* Lexington, *for appellant.*

*Dallas D. Ball,* Columbia, *for respondent.*

April 3, 1979.

LITTLEJOHN, Justice:

In Thelma Risinger's action for divorce against her husband Harvey, she was granted divorce, alimony, child support, and a share of his property. The husband has appealed, alleging that the amounts of alimony, support, and property granted to the wife were excessive, and alleging that the family court had no power to order a husband to support an adult child, one over 18, while the child was attending school.

We affirm the family court's ruling as to alimony and property division under Rule 23 of the Rules of Practice of this court, since a full written opinion on those points would be without precedential value. There was ample evidence from which the judge could have concluded that the wife needed, and that the husband could afford to pay, the amount of alimony ordered. There was ample evidence from which the judge could have concluded that the property division was equitable under the rule in *Wilson v. Wilson,* 210 S. C. 216, 241 S. E. (2d) 566 (1978).

We turn to the trial court's award for the benefit of the child, Lisa, who was 19 at the time of the final divorce hearing. She is a dean's list student in college, and plans to teach handicapped children. In order to minimize her expenses, she has worked part-time, borrowed money, lived at home and gone to every summer school session. Her mother provides her food, clothing, and shelter; but there was evidence that despite all efforts by her mother, Lisa could not stay in school without some monetary help from her father. He had, by consent, contributed to her education in the past. In his final order, the

judge required her father to pay $100.00 a month so long as Lisa maintained passing grades and did not marry, to carry her on his medical insurance policy, and to pay some of her dental bills. We affirm that order.

The Family Court Act allows that court to make orders running past a child's majority "where there are physical or mental disabilities of the child or other exceptional circumstances that wararnt it, . . ." § 14-21-810(b)(4), *Code of Laws of South Carolina* (1976). Physical and mental disabilities are specifically mentioned in the act as exceptions to the general rule. The need for education is the most likely additional "exceptional circumstance" which might justify continued financial support. Children over 18 with a physical or mental disability, and children over 18 in need of further education, have much in common. In each case, the child's ability to earn is either diminished or entirely lacking. In each case, most parents feel an obligation to help, and do help the child.

Other courts have construed kindred statutes in a similar fashion. A Michigan statute permitted its family court to order support for a child between ages 18 and 21, but only in "exceptional circumstances." The Michigan court has held that a child's desire and ability to go to college and his father's ability to pay for his education constituted such an exceptional circumstance. *Johnson v. Johnson,* 346 Mich. 418, 78 N. W. (2d) 216 (1956).

Any doubt that the family court has the power to make such an award should be resolved in favor of that power, for the legislature has dictated that the act be construed liberally, in order to reach a result conducive to, among other things, the well-being of the family, welfare of the child, and the best interests of the State. Code § 14-21-160 reads as follows:

"This chapter shall be liberally construed to the end that families whose unity or well-being is threatened shall be

assisted and protected, and restored if possible as secure units of law-abiding members; and that each child coming within the jurisdiction of the court shall receive, preferably in his own home, the care, guidance and control that will conduce to his welfare and the best interests of the State, and that when he is removed from the control of his parents the court shall secure for him care as nearly as possible equivalent to that which they should have given him."

Were we to construe the act narrowly, children without independent means would often be unable to finish even high school. Such a construction would not be in the best interest of the children, of the family, or of the State.

Nothing in *Cason v. Cason,* S. C., 247 S. E. (2d) 673 (1978), is inconsistent with our decision today. In *Cason,* there were no exceptional circumstances proved. Support independent of educational expenses was involved.

We do not presume to list all circumstances under which a divorced parent may be ordered to help pay for the educational expenses of a child over 18 years of age. That determination must be left largely in the hands of our family court judges. Without holding that these are the only circumstances under which a family court's award is proper, we hold that a family court judge may require a parent to contribute that amount of money necessary to enable a child over 18 to attend high school and four years of college, where, as here, there is evidence that: (1) the characteristics of the child indicate that he or she will benefit from college; (2) the child demonstrates the ability to do well, or at least make satisfactory grades; (3) the child cannot otherwise go to school; and (4) the parent has the financial ability to help pay for such an education.

Accordingly, the decree of the lower court is

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.