21020

Ruth Lambert DILLINGHAM, Respondent, v. Rex Howland DILLINGHAM, Appellant.

(257 S. E. (2d) 237)

*Charles Porter,* of *Glenn, Porter & Sullivan,* Columbia, for appellant.

*B. D. Hayes,* of *Hayes, Brunson & Gatlin,* Rock Hill, *for respondent.*

August 1, 1979.

LEWIS, Chief Justice:

Appellant and respondent, formerly husband and wife, were divorced in 1972. Custody of their four children was granted to the respondent-wife; and appellant was required

to make monthly alimony, child support, and mortgage payments, and maintain certain educational insurance policies. Subsequent supplemental decrees approved a settlement of alimony claims and varied the monthly payments for child support in amounts not here in issue.

This appeal is from orders of the lower court (1) requiring appellant to continue the child support payments for two of the children after they attained the age of eighteen (18) years; and (2) adjudging him in contempt for his failure to continue such payments and for his failure to prove that the educational insurance policies were being maintained. Appellant also challenges the allowance of counsel fees to respondent for the prosecution of this action.

The trial judge was in error in ordering child support payments in this case to be continued after a child became eighteen (18) years of age. Since the age of majority in this State has been lowered to eighteen (18) years, the lower court was without authority to extend appellant's obligation to support his children beyond the age of eighteen (18) absent a finding by the court that appellant had agreed to do so. *Cason v. Cason,* 271 S. C. 393, 247 S. E. (2d) 673.

The decree of the lower court, issued on March 1, 1973, clearly states that appellant's obligation for child support shall cease at the age of majority. This decree contained the following provision:

The defendant, Rex Howland Dillingham, Jr., shall pay to the plaintiff, Ruth Lambert Dillingham, the sum of two hundred fifty and no/100 ($250.00) dollars per month for each child, to abate *pro rata* upon any child becoming emancipated. 'Emancipated is defined as being married or of legal majority now recognized as twenty-one years of age, but subject to legislative change to eighteen.'

Appellant, therefore, had no legal or contractual obligation to provide child support after a child reached eighteen (18) years of age.

The next question concerns the finding by the trial judge that appellant had failed to maintain certain educational policies required under a previous decree of the court. Since the record does not contain a copy of the original decree, in which the insurance provisions were contained, and we are unable to determine from this record what these policies were to provide, it is impossible to properly review the issues presented under this question. We, accordingly, reverse the adjudication for contempt for failure to maintain the insurance policies in question and remand this issue to the lower court for further hearing and redetermination.

The final question challenges the award of a fee of $1,000.00 to respondent's attorney. The allowance of counsel fees is a matter addressed to the sound discretion of the trial judge, and will not be reversed in the absence of an abuse thereof. *Bond v. Bond,* 252 S. C. 363, 166 S. E. (2d) 302. Both the right to counsel fees and the amount thereof are sustained by the record and no abuse of discretion is shown.

The question argued concerning visitation was not passed upon by the lower court and we remand this issue for consideration upon a rehearing.

Affirmed in part and remanded as hereinabove directed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.