21820

Algia R. DUNNAVANT, Respondent, v.
Martha Ann. W. DUNNAVANT, Appellant.
(298 S. E. (2d) 442)

*H. G. Charles*, Myrtle Beach, *for appellant.*

*Algia R. Dunnavant, pro se.*

Dec. 7, 1982.

*Per Curiam:*

This appeal is taken from an *ex parte* family court order which terminated previously ordered monthly payments by repondent to his minor son for certain educational expenses. We reverse and remand for the reasons set forth below.

The parties' 1979 divorce decree required respondent to convey his one-half interest in the marital residence to appellant, in lieu of alimony and support. It further ordered respondent to pay his then minor son $150.00 monthly, ". . . for his schooling . . . each and every month hereafter so long as he attends school and has a passing grade in good standing." The son graduated from high school in May of 1981 at the age of nineteen. Several days later, respondent petitioned the family court to terminate the payments for his son's schooling. Based solely upon respondent's affidavit, an *ex parte* order was issued granting the requested relief.

Family courts may make support orders continue beyond a child's majority where warranted by exceptional circumstances. S. C. Code Ann. § 20-7-420 (1976 as amended). The need for an education constitutes an exceptional circumstance. *Risinger v. Risinger*, 273 S. C. 36, 253 S. E. (2d) 652 (1979). Parental contributions toward four years of college education may be required if (1) the characteristics of the child indicate that he or she will benefit from college, (2) the child demonstrates the ability to do well, or at least makes satisfactory grades, (3) the child cannot otherwise go to school, and (4) the parent has the financial ability to help pay for such an education. *Id.* The divorce decree in the present case did not define "schooling" or expressly limit respondent's payments to his son's high school years. If "schooling" includes college education, continued payments to the son may be required under *Risinger*.

The use of an *ex parte* order clearly denied appellant the opportunity to be heard and deprives this Court of an adequate record on appeal. See *McSwain v. Holmes*, 269 S. C. 293, 237 S. E. (2d) 363 (1977). We regard the use of

such orders with disfavor and demand stringent standards of necessity for their issuance. *Id.* The record at hand fails to reveal circumstances justifying the use of an *ex parte* order.

Accordingly, the *ex parte* order terminating respondent's payments to his son is reversed and the case is remanded for a hearing to determine whether the son is entitled to further payments, and if so, whether respondent is financially able to make them.

Reversed and remanded.