21939

Charlotte Yates EDWARDS, Respondent, v. Robert M. HARRIS, Appellant.

(304 S. E. (2d) 638)

*E. N. Zeigler*, Florence, *for appellant.*

*Jan L. Warner*, Sumter, *for respondent.*

June 21, 1983.

NESS, Justice.

This is a domestic action in which respondent wife sought an order requiring the appellant husband to finance a college education for the parties' nineteen year old son. The family court ordered the husband to pay $500 per month for the son's education expenses retroactive to January, 1979 (the date this action was commenced) and continuing until the son's graduation. The husband asserts the family court erred in ordering him to pay the adult son's educational expenses as the son does not seek his father's assistance. We agree and reverse.

In appeals from the family court, we may determine the issues in accordance with our view of the preponderance of the evidence. *Barden v. Barden,* S. C. 301 S. E. (2d) 141 (1983).

The son presented an affidavit and testified he did not want to be a plaintiff in this action and did not want his father to pay for his college education. The wife presented no evidence she had provided funds for the son's educational expenses since January 1979 and, significantly, did not request in her pleadings that she be reimbursed for funds she expended

prior to that date. Rather, she requested (1) that appellant be required to provide funds to repay loans previously extended to the son by her present husband, who is not a party to this action, and (2) that appellant be required to provide for the son's future educational expenses.

We hold respondent lacks standing to sue for repayment of the adult son's contractual obligations to others. Neither can she require the husband to finance the son's education if the son does not want his father's assistance.

The husband also asserts the family court erred in awarding the wife attorneys' fees. In view of our finding this action is without merit, we think it would be anomalous to require the husband to pay the wife's attorneys' fees. Accordingly, we hold she is not entitled to an award of attorneys' fees. See *Edens v. Edens*, 273 S. C. 303, 255 S. E. (2d) 856 (1979).

Reversed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.