0044

Robert P. CRENSHAW, Appellant, v. Janet R. THOMPSON, Formerly Janet R. Crenshaw, Respondent.

(311 S. E. (2d) 742)

Court of Appeals

*George W. Speedy*, of *Furman, Speedy & Stegner*, Camden, *for appellant.*

*Kirby D. Shealy, Jr.*, of *Wise, Wise & Shealy*, Columbia, *for respondent.*

January 16, 1984.

SANDERS, Chief Judge:

Robert Crenshaw appeals from an order of the Family Court requiring him to support his child. We affirm.

The child in question reached his 18th birthday while still a high school student. He graduated approximately five months later. Two weeks thereafter, he was severely injured in an automobile accident which rendered him totally disabled. He had planned to further his education but was unable to do so because of his disability. The sole issue before us is whether the trial judge erred in ordering the father to continue support payments for this child. The father contends he should not be required to do so because his son had reached the age of 18 and was not enrolled in school.

Section 14-21-810(b)(4) of the Code of Laws of South Carolina (1976) provides for the Family Court:

> To make all orders for support run until further order of the court, except that orders for support of a child shall run until the child is eighteen years of age or until the child is sooner married or becomes self-supporting or, where there are physical or mental disabilities of the child or other exceptional circumstances that warrant it, in the discretion of the court, during any period and beyond the child's minority as such physical or mental disabilities may continue.[1]

It is clear from this statute that the family court is empowered "to make all orders for support run ... where there are physical or mental disabilities of the child ... during any period and beyond the child's minority as such physical or mental disabilities may continue." It is therefore equally clear that in this case the family court was empowered to make its order for support continue beyond the child's minority, during such period as his disability may continue.

The father points to the concluding words of this section, "may continue," and urges a narrow construction. He argues the disabilities referred to must exist at the time of the child's 18th birthday for support to be continued. We hold otherwise. In the case of *Risinger v. Risinger*, 273 S. C. 36, 253 S. E. (2d) 652 (1979), the Supreme Court construed this section to affirm the authority of the Family Court to order support for a 19-year-old child. There, the Court held that the fact the child was attending college was an "exceptional circumstance" as provided by the section. The Court went on to hold further:

> Any doubt that the family court has the power to make such an award should be resolved in favor of that power, for the legislature has dictated that the act be construed liberally, in order to reach a result conducive to, among other things, the well-being of the family, welfare of the child, and the best interests of the State. *Id.*, at 38, 253 S. E. (2d) at 653.

---

[1] Section 14-21-810 was a part of Title 14, Chapter 21 of the 1976 Code, entitled The Family Court Act. It has since been recodified as section 20-7-420 of Title 20, Chapter 7, entitled The Children's Code.

The Court concluded by saying:

> We do not presume to list all circumstances under which a divorced parent may be ordered to help pay for the educational expenses of a child over 18 years of age. *Id.*, at 39, 253 S. E. (2d) at 653.

Were we to construe this section narrowly, as urged by the father, we would reach the anomalous result that support was justified for a child to attend college but not for a totally disabled child to be provided the basic necessities of life. In our view, this is not what the legislature intended when it specifically provided for a liberal construction of the statute. Neither is it in the spirit of the holding of the Supreme Court in *Risinger*.

Furthermore, even if the words "may continue" were to be construed as a limitation on the disabilities exception provided by section 14-21-810(b)(4), as contended by appellant, the child's situation here is itself an "exceptional circumstance" as well as a "disability" and would justify continuing support under the express holding of *Risinger*. The statutory language "or *other* exceptional circumstance" following reference to "physical or mental disabilities" clearly indicates either disability constitutes an "exceptional circumstance."

Accordingly, the order of the Family Court is

Affirmed.

GARDNER and BELL, JJ., concur.