22184

Jimmy Wesley McCOY, Respondent, v. Ramona Ellen McCOY, a/k/a Ramona Ellen Cole a/k/a Ramona Ellen Yarborough, Appellant.

(323 S. E. (2d) 517)

Supreme Court

*Rex K. Pratt,* of *Baxley, Pratt & Wells, P. A.,* Ridgeway, *for appellant.*

*Kenneth G. Goode,* Winnsboro; and *Thomas H. Ketchin, III, as GAL,* Winnsboro, *for respondent.*

Heard Oct. 16, 1984.

Decided Nov. 13, 1984.

NESS, Justice:

In this domestic action husband seeks custody of his daughter. The family court judge granted a change of custody from the wife to the husband. We affirm.

Husband alleged his circumstances had changed for the better and the wife's had changed for the worse since the divorce decree. The judge ordered the Department of Social Services to perform home studies but before the maternal home study was accomplished, the wife moved to Florida with the child.

While the wife and child were living in Florida, the husband had an *ex parte* communication with the court alleging abuse and neglect of the child by the wife. The judge *ex parte* granted DSS temporary custody based solely on the husband's allegations, and ordered DSS to draw a petition in support of his order, without any independent investigation. When the wife returned from Florida, DSS took the child.

Wife first argues the judge abused his discretion in issuing an *ex parte* order granting temporary custody to DSS. We agree. *Ex parte* orders are condemned by this Court except when justified by exigent circumstances. *Dunnavant v. Dunnavant,* 278 S. C. 445, 298 S. E. (2d) 442 (1982); *McSwain v. Holmes,* 269 S. C. 293, 237 S. E. (2d) 363 (1977). We are further appalled the Court would order and DSS would take a child into their custody without first making an independent investigation.

Nonetheless, though there was an abuse of discretion, we hold the fact that custody was subsequently changed from wife to husband renders this temporary order no longer effective and therefore moot. *Gainey v.*

*Gainey*, 279 S. C. 68, 301 S. E. (2d) 763 (1983). "A case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy." *Mathis v. The South Carolina State Highway Department*, 260 S. C. 344, 346, 195 S. E. (2d) 713, 715 (1973).

Appellant next contends consolidating the cases violated her right to procedural due process because she had no notice the husband's change of custody petition was to be heard.

Neither the wife nor her attorney objected to the inadequacy of notice. Constitutional objections cannot be raised for the first time on appeal. *Bobo Brothers, Inc. v. S. C. Tax Commission*, 271 S. C. 18, 244 S. E. (2d) 519 (1978).

Finally appellant alleges the evidence was insufficient to support the change of custody. We disagree.

In all child custody controversies the controlling consideration is what is in the best interest of the child. In order to change custody there must be a showing of changed conditions since the decree awarding custody. *McSwain, supra.* We may determine the facts in accordance with our own view of the preponderance of the evidence. *Edwards v. Harris*, 279 S. C. 189, 304 S. E. (2d) 638 (1983).

The record reflects the husband is a career soldier with a stable financial future. He has remarried and has two small children by his present wife. His second family joins him wholeheartedly in his desire to raise his daughter. In this home she will have her own bedroom and the benefit of her stepmother's constant care and supervision.

The wife also remarried but is now divorced. She is employed as a night waitress earning a low income, and now lives with a friend where her daughter must share a bedroom with two other children. Having not lived in one place more than six months since the divorce, she has no permanent home though she says she intends to find one. She has left the child on more than one occasion at a baybsitter's home for the evening but failed to pick her up for several days.

Under our view of the evidence, we agree the child's interests are best served by changing custody to the husband.

Affirmed.

LITTLEJOHN, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.