## 44477. WOOD v. WOOD.
(361 SE2d 819)

SMITH, Justice.

We granted appellant Donald Wood's discretionary application to review two portions of a jury's verdict in the parties' divorce action. We affirm the portion of the verdict that requires an automatic increase in alimony and reverse the portion of the verdict that requires the appellant to pay child support beyond his son's 18th birthday.

1. The verdict requires the appellant to pay appellee Frances Wood $100 per week as child support for their son Patrick and $100 per week as alimony. The verdict further provides that upon termina-

tion of the child support obligation, the alimony is to increase to $150 per week.

"An automatic future modification is valid when a fixed amount of alimony is awarded, and the variable award is contingent upon a specified change in income. [Cits.]" *Cabaniss v. Cabaniss*, 251 Ga. 177, 178 (304 SE2d 65) (1983). The appellant argues that the future modification is not contingent upon a specified change in his "income." We do not restrict *Cabaniss* to such a narrow meaning. The moment the child support obligation terminates, the appellant's financial status will be improved by $100 per week. We find no error.

2. The verdict requires the appellant to support Patrick until his 18th birthday, "unless [he] attends college or vocational school in which event the child support shall continue so long as [he] remains in school but in no event beyond his 23rd birthday."

Prior to 1972 most minors could complete or come very close to completing any vocational or college education before their 21st birthday, but in 1972, the age of majority was changed from 21 to 18, Ga. Laws 1972, p. 193; OCGA § 39-1-1, making it impossible for some children to complete their high school education much less any vocational or college education before their 18th birthday.

Because it is the joint and several duty of parents to provide for the maintenance, protection, and education of their minor children, OCGA § 19-7-2, a trial court has the jurisdiction to include in a divorce decree provisions for education, including college, during *minority*. *Jenkins v. Jenkins*, 233 Ga. 902 (214 SE2d 368) (1975). Courts also have the power to enforce divorce agreements between the parents in which one or both parents agree to pay all or part of their children's educational expenses even after the children's 18th birthday. *McClain v. McClain*, 235 Ga. 659, 661 (221 SE2d 561) (1975).

Although the appellee contends that the appellant agreed in open court to provide for Patrick's education and the jury was merely reflecting his desires in the verdict, we have been unable to find anything in the record to support the appellee's contention and she has not provided us with any citation to the record where such an agreement was made.

This Court has recognized that a college education is no longer a luxury but a necessity, see *Fitts v. Fitts*, 231 Ga. 528, 530 (202 SE2d 414) (1973) (overruled on other grounds in *Coleman v. Coleman*, 240 Ga. 417, 423 (240 SE2d 870) (1977)), but there is nothing in the law that requires parents to support their children who have reached majority even though they may not be emancipated and may be in school. Unfortunately we cannot create a remedy. The jury's verdict awarding Patrick support after age 18 must be struck.

3. We find no error in the appellant's other enumerations.

*Judgment affirmed in part and reversed in part. All the Justices*

600

concur.

DECIDED NOVEMBER 19, 1987.

*William L. Skinner,* for appellant.
*Alembik & Alembik, Judith M. Alembik,* for appellee.