1834

Barbara Michelle WEST, Respondent-Appellant

v. Alfred L. WEST, Appellant-Respondent.

(419 S.E. (2d) 804)

Court of Appeals

*Kelly F. Zier,* of *Fox, Zier & Verenes,* N. Augusta, *for appellant-respondent.*

*O. Lee Sturkey,* McCormick, *for respondent-appellant.*

Heard May 6, 1992.

Decided June 8, 1992.

GARDNER, Judge:

Barbara Michelle West (Michelle) is the daughter of Alfred L. West. Michelle brought this action against her father, a Georgia resident, for educational support for college. The father acknowledges that the family court of McCormick County has jurisdiction over his person and the subject matter of this action; but he asserts that under the circumstances the source of the applicable law should be the law of Georgia as opposed to the law of South Carolina. The trial court held

by the appealed order that the law of South Carolina was applicable to this case. We affirm.

## ISSUE

The sole issue of merit is whether the law of South Carolina, rather than the law of Georgia, applies to this case.

## FACTS

Michelle was born in Georgia on February 13, 1972. Her parents were divorced by Georgia decree in 1974. Michelle was not a party to the divorce action and did not have a guardian ad litem or a lawyer to protect her interest. The mother was awarded custody and child support. The parties made no provision for Michelle's support beyond her eighteenth birthday.[1] The mother remarried and moved with the daughter to South Carolina about five years before the institution of this action. The father remained in Georgia, but commutes daily to Savannah River Site where he has been working for seventeen years.

The father pays income taxes in South Carolina and is subject to South Carolina's workers compensation and unemployment compensation law. He has bank accounts in South Carolina, and previously made his child support payments from a South Carolina bank account. He also exercises visitation rights with his daughter in South Carolina. The husband on appeal admitted that he had significant contacts with the State of South Carolina and that this State has jurisdiction over his person. He alleges, however, that the source of the law should be Georgia.

The appealed order, in pertinent part, made the following findings of fact:

10. That the Plaintiff [Michelle] has been accepted to attend Erskine College in Due West, South Carolina.
11. That Lander [sic] [Erskine] College is a private College with annual fees approaching approximately $13,500.00.

---

[1] Under Georgia law, child support ends when the child becomes eighteen unless specifically agreed otherwise. *See Wood v. Wood*, 257 Ga. 598, 361 S.E. (2d) 819 (1987).

12. That the Plaintiff has applied for a state tuition grant as well as other scholarship assistance, which she has obtained but would require an additional amount of approximately $9,000.00 per year in order to attend Erskine College.

\* \* \* \* \*

17. That the Defendant's [the father's] present gross monthly income is approximately $2,563.20.
18. That the Plaintiff is currently part time and has the skills and ability to continue to have some part time employment to assist in her educational expense.
19. That under the previous Order of the Georgia Court, the Defendant was required to pay monthly child support in the amount of $162.50 per month.
20. That child support payments in the amount of $40.00 per week plus $35.00 per week contribution towards educational expense are reasonable under the circumstances herein.

The appealed order provided that the father pay Michelle the sum of $75 per week, such sum consisting of $40 a week child support and $35 per week contribution towards educational expenses. Such payments were to begin on September 19, 1990, and to continue until the further order of the Court.

## DISCUSSION

We find no merit to the father's contention that the source of the law in this case should be Georgia. We base this holding upon our conclusion that the cause of action arose in South Carolina when Michelle reached eighteen years of age and there arose those exceptional circumstances which vested the family court with jurisdiction of the subject matter of this case and at the same time gave rise to Michelle's cause of action. *Risinger v. Risinger*, 273 S.C. 36, 253 S.E. (2d) 652 (1979). S.C. Code Ann. § 20-7-420(17) (1985). Jurisdiction of the family court is vested in cases of children over eighteen years of age where exceptional circumstances warrant it. *Id.*

At the hearing on appeal, the father conceded that the court had jurisdiction of his person because of his contacts with the State of South Carolina. The father obviously came within the

long arm statute of this state. S.C. Code Ann. § 36-2-801 and 802 (1977). Additionally, the father conceded jurisdiction of the family court to determine this issue and in so doing, we hold, submitted himself to the law of the State of South Carolina.

The cause of action which Michelle has and which gave rise to this action arose in South Carolina when she because eighteen years of age and could offer a preponderance of the evidence to establish the four factors[2] set forth in *Risinger* necessary to maintain this action. Thus, the *lex fori*, that is the law of the forum or place where relief is sought, and *lex loci*, that is the law of the place where the right was acquired or the liability was incurred which constitutes the claim or cause of action, are both in the State of South Carolina. This being true, we hold that the law of South Carolina applies. *See* 16 Am. Jur. (2d), *Conflict of Laws*, § 5 (1979).

All other questions presented on this appeal are manifestly without merit.

## CONCLUSION

For the above reasons, we affirm the appealed order.

Affirmed.

SHAW, and BELL, JJ., concur.

---

[2] A family court judge may require a parent to contribute that amount of money necessary to enable a child over 18 to attend high school and four years of college, where, as here, there is evidence that: (1) the characteristics of the child indicate that he or she will benefit from college; (2) the child demonstrates the ability to do well, or at least make satisfactory grades; (3) the child cannot otherwise go to school; and (4) the parent has the financial ability to help pay for such an education.