THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Patricia W. Harsey, Respondent
 
 
 

v.

 
 
 
 Robert Mills Thomas, Appellant
 
 
 

Appeal from Lexington County
 Jocelyn B. Cate, Family Court Judge

Unpublished Opinion No. 2006-UP-361
Heard September 14, 2006  Filed October 24, 2006

AFFIRMED IN PART and REVERSED IN PART

 
 
 
 Timothy G. Quinn, of Columbia, for Appellant.
 Jean Perrin Derrick, of Lexington, for Respondent.
 
 
 

PER CURIAM: Robert Mills Thomas (Father) appeals from a family court order requiring him to (1) pay for his nineteen-year-old daughters car expenses, (2) repay one of her student loans, and (3) pay $800 in attorneys fees.    We affirm in part and reverse in part.  
FACTS
Father and Patricia W. Harsey (Mother) were married on January 16, 1982, and separated on October 24, 1985.  Approximately four months after their separation, the couples only child, Ashley Nicole Thomas (Daughter), was born. With Fathers consent, the family court gave Mother sole custody of Daughter and ordered Father to pay $240 in child support per month.  The order is silent on the matter of college or educational expenses. 
Shortly before Daughters high school graduation, Father wrote a letter to Mother informing her he would cease paying child support in April of 2004, which was Daughters last month of high school.  Father indicated in this letter that he would continue to send Daughter money until she graduated college, though he refused to contribute directly to the college expenses.[1] After receiving this letter, Mother filed an action in the family court, seeking continued support while Daughter attended college.  By the time this complaint was filed, Daughter had been accepted to Converse College beginning in the fall of 2004.  Because of her excellent academic record, Daughter received enough financial aid through scholarships and grants to be able to pay for her room and board.  However, Mother sought Fathers help to pay for Daughters additional expenses. 
At trial, Mother requested $8,000-10,000 per year for Daughters miscellaneous expenses, including the car Daughters maternal grandfather gave her. The family court found that based on the facts of this case, it is necessary for Daughter to have an automobile to enable her to attend college.  Pursuant to that ruling, the family court ordered Father to pay $252.48 per month and Mother to pay $81.16 per month to cover the Daughters car insurance, gas, and maintenance expenses.  The family court also ordered both parents to repay a $2,500 student loan Daughter had taken out, and it ordered Father to pay Mother $800 in attorneys fees.  This appeal followed.  
STANDARD OF REVIEW
When considering an appeal from the family court, appellate courts have the authority to find the facts in accordance with their view of the preponderance of the evidence.  Ex parte Morris, 367 S.C. 56, 61, 624 S.E.2d 649, 652 (2006).  However, appellate courts defer to the family court judges determinations of witnesses credibility because the family court judge had the opportunity to see and hear the witnesses testify.  Scott v. Scott, 354 S.C. 118, 124, 579 S.E.2d 620, 623 (2003).
LAW/ANALYSIS
I.  Car Expenses 
Father concedes that pursuant to Risinger v. Risinger, 273 S.C. 36, 39, 253 S.E.2d 652, 653-54 (1979), a family court may order a parent to contribute to higher education expenses where there is evidence that: (1) the childs characteristics indicate he or she will benefit from college; (2) the child has the ability to make satisfactory grades; (3) the child would not otherwise be able to attend college; and (4) the parent is financially able to pay for college.  However, Father argues the family court erred in finding that a car is necessary to enable his emancipated daughter to attend college.  Father contends that because this finding is flawed, the subsequent finding that he should be required by court order to share in the expenses related to the car is flawed as well. 
At the hearing, Father conceded he would support his daughter, and he even agreed to contribute $300 a month as long as [Mother] is willing to under court order, too, to contribute . . . .  Because of Fathers willingness to pay up to $300 in monthly child support, the issue of whether the family court erred in ordering him to pay a lesser amount is not preserved for appeal.  TNS Mills, Inc. v. South Carolina Dept of Revenue, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) (An issue conceded in a lower court may not be argued on appeal.).  Therefore, we affirm the family courts order requiring Father to pay $252.48 per month in child support.[2] 
II. Student Loan
Father next argues that the family court erred in requiring him to re-pay Daughters student loan when she graduates from college.  We agree.
Initially, we note that neither Mother nor Father were a party to the loan Daughter took out.  According to the loan contract, Daughter received $2,500 for her tuition in exchange for her agreement to teach in a critical needs area for two years after graduation.  If Daughter opts not to teach in a critical needs district, she is obligated to repay the loan.  
This type of student loan serves an important public purpose. Because it forgives the debt of those recipients who teach in critical needs areas, the loan encourages young teachers to accept positions in school districts that might otherwise have a difficult time attracting teachers.  By ordering Mother and Father to repay Daughters loan if it is not forgiven, the family court negated the incentive to teach in a critical needs area.  We find this was a violation of public policy.  See Almers v. South Carolina Nat. Bank of Charleston, 265 S.C. 48, 60, 217 S.E.2d 135, 141 (1975) (explaining that although there is no fast rule or definition of public policy applicable to all cases, public policy generally forbids one to do that which has a tendency to be injurious to the public welfare).  
We are aware that courts are usually reluctant to invoke public policy to void a contract because the right of private contract is no small part [of] the liberty of the citizen[, and] the usual and most important function of courts of justice is to maintain and enforce contracts.  Id., at 60, 217 S.E.2d at 141.  In this case, however, the parties did not engage in a voluntary contract; rather, the family court made Father liable on a contract he was not a party to.  Just as courts are wary to void a contract based on public policy, so too do we oppose relieving Daughter of the contractual obligation she voluntarily undertook, especially when to do so would itself be a violation of public policy.  Accordingly, we reverse the portion of the family courts order requiring Father to repay Daughters student loan.
III. Equal Protection Argument
Next, Father argues that the family court erred in requiring divorced parents to contribute to the education of an emancipated child because it violates the equal protection clause.  We find this issue is not preserved for our review, as it was not raised until Fathers Rule 59(e) Motion.  See Hickman v. Hickman, 301 S.C. 455, 456, 392 S.E.2d 482, 482 (Ct. App. 1990) (A party cannot use Rule 59(e) to present to the court an issue the party could have raised prior to judgment but did not.). 
IV. Attorneys Fees 
Father also argues that if this court reverses the family court on appeal, the underlying award of attorneys fees ought to be reversed as well.  Arial v. Arial, 295 S.C. 286, 369 S.E.2d 146 (Ct. App. 1988).  Because we are not reversing the trial court on all issues, and Mother is still receiving beneficial results from this action, we find no reason to overturn the trial court on the issue of attorneys fees.  See Stevenson v. Stevenson, 295 S.C. 415, 368 S.E.2d 903 (1988) (An award of attorneys fees and costs is a discretionary matter not to be overturned absent abuse by the trial court.).  Therefore, we affirm the family courts decision regarding attorneys fees. 
V. Frivolous Proceedings 
Finally, Father argues the family court erred in regard to his claim under the Frivolous Proceedings Act.  The Act provides, in part, as follows: 

 Any person who takes part in the procurement, initiation, continuation, or defense of any civil proceeding is subject to being assessed for payment of all or a portion of the attorneys fees and court costs of the other party if . . . the proceedings have terminated in favor of the person seeking an assessment of the fees and costs.  

S.C. Code Ann. § 15-36-10 (Supp. 2005)
Here, the proceedings did not terminate entirely in Fathers favor.  Therefore, he is not entitled to any award under the Frivolous Proceedings Act.
CONCLUSION
Based on the foregoing, we affirm the family courts award of child support and attorneys fees, but reverse the portion of its order requiring Father to repay Daughters student loan.   Accordingly, the family courts order is
AFFIRMED IN PART and REVERSED IN PART.
HEARN, C.J., and HUFF and STILWELL, JJ., concur.

[1] Father did cease sending child support in April; however, he continued to send Daughter $300 per month.  
[2] We express no opinion as to whether it was necessary for Daughter to have a car to attend college.