THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 v.
 Jane Doe, Appellant,
 And John Roe
 and Richard Roe, Respondents.
 
 
 

Appeal From Fairfield County
 Brian M. Gibbons, Family Court Judge
 Joseph W. McGowan, III, Family Court
 Judge
2007-DR-20-00202
Unpublished Opinion No.  2010-UP-244
Submitted April 1, 2010  Filed April 20,
 2010
AFFIRMED

 
 
 
 Jane Doe, pro se, of Batesburg and of Louisville, Kentucky, for
 Appellant.
 Angela Michelle Killian, of Lancaster, for Respondent South
 Carolina Department of Social Services.
 Emma I. Bryson and Ken H. Lester, of Columbia, for Respondent John
 Roe.
 Lesley Williams Sercer, of Columbia, for Respondent Richard Roe.
 Larry Jerome Pearson, of Columbia, for Guardian ad Litem.
 
 
 

PER CURIAM:  Jane Doe
 (Mother) appeals the family court's removal of her son (Son) and daughters (Daughters)
 and their placement into the custody of the South Carolina Department of Social
 Services (DSS).  
Mother
 appeals multiple orders of the family court related to the removal of Son and Daughters.
  However, she articulates arguments against only two orders: (1) a September 2007
 order finding Mother psychologically abused Son, removing Son, and taking Daughters
 into emergency protective custody and (2) a December 2007 order removing Daughters. 
 Accordingly, this opinion focuses solely on the removal orders.  Mother's
 appellate brief states custody of the children has gone to their respective
 fathers, John Roe and Richard Roe (collectively, the Fathers), following
 private custody actions.  
Mother
 argues (1) the family court erred in finding "spiritual coercion through
 prayer" was psychological abuse; (2) the family court erred in failing to
 find Son's mental injury was proven by clear and convincing evidence; (3) she
 was deprived of her due process rights in numerous ways; and (4) the family
 court removal orders are not supported by sufficient facts in violation of Rule
 26(a), SCRFC.  DSS and the Fathers contend the appeal is moot because any
 ruling will have no legal effect when the children's legal custody was decided
 in private custody actions.  We find a preponderance of the evidence supported
 removal, and we affirm for the following reasons: 
1.  As to whether the appeal is moot,
 we find the appeal is not moot because Mother's name was ordered to be placed
 on the Central Registry for Abuse and Neglect as a result of Son's removal
 order.  See Mathis v. S.C. State Highway Dep't, 260 S.C. 344,
 346, 195 S.E.2d 713, 715 (1973) ("A case becomes moot when judgment, if
 rendered, will have no practical legal effect upon existing
 controversy."); Collins Music Co. v. IGT, 365 S.C. 544, 549, 619
 S.E.2d 1, 3 (Ct. App. 2005) (explaining an exception to the mootness doctrine
 exists when the trial court's decision has collateral consequences to the
 parties).  However, insofar as the children's custody has been determined in
 private custody actions, the appeal is moot.  See McCoy v. McCoy,
 283 S.C. 383, 385-86, 323 S.E.2d 517, 519 (1984) (holding an appeal of a family
 court order granting temporary custody to DSS was moot when a subsequent
 divorce action determined custody of the child).
2.  Regarding Mother's arguments
 concerning prayer, the evidentiary standard for finding a mental injury, and
 deprivation of due process, we find these issues are not preserved for our
 review.  See King v. King, 384 S.C. 134, 142, 681 S.E.2d 609, 614
 (Ct. App. 2009) (finding for an issue to be preserved it must have been raised
 to and ruled upon by the trial court).  We note Mother objected at Daughters'
 removal hearing to psychologist Dr. DeFelice's testimony, arguing it was speculative,
 prejudicial, and inadmissible character evidence under Rule 404(b), SCRE. 
 However, Mother asserts on appeal the testimony was irrelevant hearsay that
 violated her due process rights.  Accordingly, the issue is not preserved for
 review on appeal.  See Wogan v. Kunze, 366 S.C. 583, 608-09, 623
 S.E.2d 107, 121 (Ct. App. 2005) (finding a party may not argue one theory
 before the trial court and another on appeal). 
3.  As to whether the family court violated
 Rule 26(a), SCRFC, we find the orders adequately provided the factual bases and
 legal conclusions for their decisions.  See Rule 26(a), SCRFC ("An
 order or judgment pursuant to an adjudication in a domestic relations case
 shall set forth the specific findings of fact and conclusions of law to support
 the court's decision.").
For the foregoing reasons, we affirm the family court's orders removing
 Son and Daughters.
AFFIRMED. [1]
WILLIAMS,
 KONDUROS, JJ., and CURETON, A.J., concur. 

[1]  We decide this
 case without oral argument pursuant to Rule 215, SCACR.