2016 IL App (3d) 150237

Opinion filed January 13, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2016

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| DANA L. JONES, | ) | of the 12th Judicial Circuit, |
| | ) | Will County, Illinois. |
| Petitioner-Appellee, | ) | |
| | ) | Appeal No. 3-15-0237 |
| and | ) | Circuit No. 14-D-520 |
| | ) | |
| MATTHEW W. JONES, | ) | |
| | ) | The Honorable |
| Respondent-Appellant. | ) | Robert P. Brumund, |
| | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Presiding Justice O'Brien and Justice McDade concurred in the judgment and opinion.

**OPINION**

¶ 1        Petitioner Dana L. Jones and respondent Matthew W. Jones divorced in Georgia in 2003. Dana later moved with the parties' children to Illinois. In 2014, Dana filed a petition to enroll the Georgia dissolution judgment and a petition for contribution of college expenses in Will County, Illinois. Matthew agreed that the Georgia dissolution judgment should be enrolled in Illinois but opposed Dana's petition for contribution of college expenses. The trial court granted the petition for contribution. We reverse.

¶ 2                                                FACTS

¶ 3        Petitioner Dana Jones and respondent Matthew Jones married in 1991. They had two children during their marriage: Matthew, born in 1994, and Ansley, born in 1995. In 2003, a Georgia court entered a judgment of dissolution, dissolving the parties' marriage. The judgment for dissolution incorporated a marital settlement agreement. The marital settlement agreement made no mention of the children's college expenses. The agreement contained a provision stating that it was to "be governed exclusively by the laws of the State of Georgia."

¶ 4        After the divorce, Dana relocated to Illinois with the children, while Matthew remained in Georgia. In March 2014, Dana filed a petition for enrollment of foreign judgment in Will County, Illinois. At the same time, Dana filed a petition for contribution to college expenses, seeking to require Matthew to pay for a portion of Ansley's college expenses. Ansley was 18 years old at the time. Matthew filed a motion to strike and dismiss Dana's petition. The court agreed to enroll the Georgia judgment of dissolution in Will County. However, the trial court denied Matthew's motion to strike and dismiss Dana's petition for contribution to college expenses. Following a hearing, the court granted the petition and ordered Matthew to pay "$10,000; 31% of Ansley's college education costs."

¶ 5                                          ANALYSIS

¶ 6        A provision for the payment of college expenses is a form of child support. See *In re Marriage of Petersen*, 2011 IL 110984, ¶ 13. The Uniform Interstate Family Support Act (Act) facilitates the reciprocal enforcement or modification of child support awards between states that have adopted the Act. *In re Marriage of Hartman*, 305 Ill. App. 3d 338, 343 (1999) (citing 750 ILCS 22/601 *et seq.* (West 1996)). The Act has now been adopted by every state. *In re Marriage of Vailas*, 406 Ill. App. 3d 32, 35 (2010).

2

¶ 7        The Act states that "a tribunal of this State may not modify any aspect of a child-support order that may not be modified under the law of the issuing state, including the duration of the obligation of support." 750 ILCS 22/611(c) (West 2012). The Act further states that the law of the issuing state "governs the duration of the obligation of support" and provides that the obligor's fulfillment of his initial duty of support "precludes imposition of a further obligation of support" by the forum state. 750 ILCS 22/611(d) (West 2012). Pursuant to these provisions, the law of the state that issued the initial child support order governs whether a parent will be required to contribute to a child's college expenses. *In re Marriage of Edelman*, 2015 IL App (2d) 140847, ¶ 24.

¶ 8        Under Illinois law, a court "may award sums of money out of the property and income of either or both parties *** as equity may require, for the support of the child or children of the parties who have attained majority" "for the educational expenses of the child or children of the parties." 750 ILCS 5/513(a)(2) (West 2012). Educational expenses may extend to periods of college, professional or other training after high school. *Id.*

¶ 9         Under Georgia law, a parent has no duty to pay for a child's expenses once a child has reached the age of 18. See Ga. Code Ann. § 19-6-15(e) (West 2012). "Neither a judge nor jury may require a parent to provide child support beyond the age of majority." *Marshall v. Marshall*, 421 S.E.2d 71, 72 (Ga. 1992). In Georgia, a court may not require a parent to pay college expenses for a child who is 18 years old or older. *Wood v. Wood*, 361 S.E.2d 819, 821 (Ga. 1987).

¶ 10        Here, the original judgment for dissolution was entered in Georgia without any provision for the payment of college expenses. Under the Act, the trial court was required to apply

Georgia law to determine if Matthew could be required to contribute to Ansley's college expenses. See 750 ILCS 22/611(c)-(d) (West 2012); *Edelman*, 2015 IL App (2d) 140847, ¶ 24.

¶ 11    Under Georgia law, Matthew had no obligation to pay for Ansley's college expenses because Ansley had reached the age of majority. See Ga. Code Ann. § 19-6-15(e) (West 2012); *Marshall*, 421 S.E.2d at 72; *Wood*, 361 S.E.2d at 821. The Illinois trial court erred in requiring Matthew to pay a portion of Ansley's college expenses. See *Marshak v. Weser*, 915 A.2d 613, 615 (N.J. Super. Ct. App. Div. 2007) (New Jersey court could not modify Pennsylvania child support order to require parent to pay college expenses where Pennsylvania law did not require parent to pay); *In re Marriage of Doetzl*, 65 P.3d 539, 543 (Kan. Ct. App. 2003) (Kansas court could not modify Missouri child support order to require parent to pay college expenses where Missouri law would not allow modification). We reverse the court's order.

¶ 12    CONCLUSION

¶ 13    The judgment of the circuit court of Will County is reversed.

¶ 14    Reversed.