**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Angela W. Valentine, Respondent,

v.

Roy L. Cox, Appellant.

Appellate Case No. 2019-000980

————————

Appeal From Greenville County
Katherine H. Tiffany, Family Court Judge

————————

Unpublished Opinion No. 2021-UP-402
Submitted October 1, 2021 – Filed November 10, 2021

————————

**AFFIRMED**

————————

J. Falkner Wilkes, of Greenville, for Appellant.

Vanessa Hartman Kormylo, of Vanessa Hartman
Kormylo, P.A., of Greenville, and David Michael
Collins, Jr., of Collins Law Firm, P.C., of Spartanburg,
both for Respondent.

————————

**PER CURIAM:** Roy Cox (Father) appeals a family court order in favor of Angela
Valentine (Mother) in her suit for modification of custody. We affirm.

As to Father's argument the family court erred by not setting forth findings of fact with the specificity required under Rule 26, SCRFC, the order was lengthy and detailed, and we find it adequately explained the things that animated the family court's decision, as we will discuss below. Moreover, the record contains extensive testimony and exhibits from the seven-day trial. Thus, even if the order was inadequate, we would nevertheless decide the merits rather than reverse. *See Thomson v. Thomson*, 377 S.C. 613, 623, 661 S.E.2d 130, 135 (Ct. App. 2008) (stating an appellate court may "make its own findings of fact in accordance with the preponderance of the evidence" when "the record is sufficient" (quoting *Badeaux v. Davis*, 337 S.C. 195, 203, 522 S.E.2d 835, 839 (Ct. App. 1999))).

As to Father's argument the family court improperly modified custody, we agree with the family court that the evidence demonstrated substantial changes in circumstances affected Child's welfare and that modification served Child's best interests. *See Latimer v. Farmer*, 360 S.C. 375, 381, 602 S.E.2d 32, 35 (2004) (stating a noncustodial parent seeking a custody change must show "(1) there has been a substantial change in circumstances affecting the welfare of the child and (2) a change in custody is in the overall best interests of the child"). First, when Father had primary placement, Father and Child slept on a couch together wearing only their underwear and gave each other massages, sometimes with hand sanitizer or lotion, which demonstrates Father had questionable judgment. *See Hollar v. Hollar*, 342 S.C. 463, 476-77, 536 S.E.2d 883, 890 (Ct. App. 2000) (explaining "repeated lapses of judgment" may impact the child's welfare and justify a change in custody). Second, Child felt the need to hide her relationship with Mother's side of the family from Father, feared altercations between Mother and Father, got stomachaches or headaches leading up to visitation exchanges, and became more cautious and less open because Father repeatedly interfered with Mother and Child's relationship. These interferences included Father causing Mother to miss two birthday visitations with Child, unilaterally deciding to ignore the visitation schedule when Child broke her arm, refusing to speak or make eye contact with Mother during visitation exchanges, and having a generally hostile attitude toward Mother, Mother's husband, and Mother's stepchildren. *See Watson v. Poole*, 329 S.C. 232, 238-39, 495 S.E.2d 236, 240 (Ct. App. 1997) (demonstrating these behaviors can warrant modification); *Kisling v. Allison*, 343 S.C. 674, 681, 541 S.E.2d 273, 276-77 (Ct. App. 2001) (same). Third, whereas Father was permissive with Child and chose to work various jobs that made his schedule irregular and did not guarantee financial stability, Mother was more authoritative and had steady, regular employment. Additionally, Mother had a strong support system in her husband and stepchildren, all of whom had a close relationship with Child. Father appeared to lack comparable support. Therefore, the environment in Mother's residence appeared better suited to Child's

best interests. *See Kisling*, 343 S.C. at 680-81, 683, 541 S.E.2d at 276, 278 (illustrating various factors of home environments that can affect how courts engage in the best interest of the child analysis); *McCoy v. McCoy*, 283 S.C. 383, 386, 323 S.E.2d 517, 519 (1984) (same); *Dixon v. Dixon*, 336 S.C. 260, 265, 519 S.E.2d 357, 359-60 (Ct. App. 1999) (same).

In light of the reasons given above, we need not reach Father's argument he is entitled to a remand for additional attorney's fees if he prevails on the custody issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court does not need to review remaining issues when its determination of a prior issue is dispositive). Therefore, the family court order is

**AFFIRMED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.