## 20499

Deborah Holmes McSWAIN, Appellant, v. William H. HOLMES, Respondent.

(237 S. E. (2d) 363)

*Wheeler M. Tillman, of Tillman & Rivers,* Charleston Hgts., and *Richard J. Paul,* of Charleston, *for Appellant,*

*Robert E. Watson, of Dennis & Dennis,* Moncks Corner, and *Morris D. Rosen, and Robert N. Rosen,* of Charleston, *for Respondent,*

August 29, 1977.

RHODES, Justice:

The appellant, Deborah Holmes McSwain, has pursued two separate appeals from orders of the lower court relative to child custody and support. The parties having agreed to consolidate these appeals, the disposition of both will be made in this opinion. The lower court ruled adversely to the appellant on all issues. We affirm in part and reverse in part.

## FIRST APPEAL

This appeal is the outgrowth of a divorce decree obtained in 1971 by William H. Holmes, the respondent, against the appellant on the ground of adultery. The decree granted the appellant custody of the son, Michael Lee Holmes (Michael), and awarded the respondent custody of the parties' other child, Charles Albert Holmes (Charles). The appellant defaulted in the divorce action, but at that time she signed an affidavit admitting the charge of adultery. The divorce decree made no provision for alimony or child support.

Both parties to this action remarried. Three years after the divorce, the appellant filed a petition for modification

of the 1971 decree, asking that she be awarded custody of Charles and that she be reimbursed for child support which had been incurred on behalf of the minor child in her custody, Michael, as well as for future support for both children.

The present case was tried without a reference before the Honorable Joseph A. Newell, Judge of the Berkeley County Civil Court, who had also signed the 1971 divorce decree. Extensive hearings were held, and at the direction of the court, studies were made by the Department of Social Services of the homes of both the appellant and the respondent. Reports of these studies were filed with the court. The order of the trial judge denied the appellant's request for (1) permanent custody of Charles, and (2) retroactive and future support for Michael. The appellant's exceptions challenge the factual findings of the trial judge upon which is based the denial of her relief.

In an action in equity, as here involved, tried by the judge without a reference, on appeal this Court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976) ; *Crowder v. Crowder,* 246 S. C. 299, 143 S. E. (2d) 580 (1965). In performing this duty, we have carefully studied the testimony and conclude that the court erred in refusing the appellant's request for a reasonable amount of future support for Michael.

The record discloses that the earnings of the respondent have increased substantially since the date of the parties' divorce. In our opinion, this fact constitutes sufficient basis for ordering the respondent to pay future support for Michael. This case will be remanded solely for the purpose of requiring the respondent to pay such reasonable support. The court's order will be effective from the date that it is issued.

We concur in the ruling of the trial judge that the respondent should not be compelled to pay retroactive support for Michael, it being our view that the evidence preponderates against such a result.

The record shows that the appellant and the respondent agreed at the time of their divorce that each of them would have custody of one of the children. Within five (5) days after the divorce was granted, the appellant remarried, and since that time it has been her second husband who has supported Michael. It further appears that support for Michael was never officially demanded until the institution of the present suit. Any award of support retroactive to 1971, even in a modest weekly sum, would constitute a substantial aggregate amount. The respondent is a skilled laborer earning an hourly wage. It is apparent that his ability to pay such a lump sum of retroactive support is extremely doubtful and would amount to an inequitable burden under the facts of this case. We are, therefore, in complete accord with the court's decision that retroactive support should not be paid by the respondent.

The appellants next exception asserts error in the finding that custody of the minor child, Charles, should remain in the respondent rather than be transferred to the appellant. In particular, the appellant contends that the trial judge acted under a misapprehension of the applicable law when he stated in his order that "there has been shown no substantial change of circumstances since the signing of the said Divorce Decree to warrant a change in custody of either of the children".

We have held in numerous cases that, in order to change child custody so fixed by a court order, there must be a showing of changed circumstances accruing subsequent to the entry of the decree which would warrant modification in the best interest of the child. *Heckle v. Heckle*, 266 S. C. 355, 223 S. E. (2d) 590 (1976); *Pullen v. Pullen*, 253 S. C. 123, 169 S. E. (2d) 376 (1969);

*Mixson v. Mixson,* 253 S. C. 436, 171 S. E. (2d) 581 (1969). The appellant argues, however, that the above rule does not apply in the present case because the default decree of divorce was obtained while the appellant was under the duress of the respondent.

A close examination of the testimony compels the conclusion that the trial judge was manifestly correct in his implicit finding that the appellant was not under duress at the time of the divorce. Further, it has already been mentioned herein that the appellant gave an affidavit in the divorce action attesting to the fact of her adultery. A few days after the final decree of divorce, she married her paramour. It appears that appellant was as interested, if not more interested, in obtaining the divorce than was the respondent. We do not pass upon the legal effect of duress in a suit of this nature in view of the fact that duress has not been established by the evidence, and we hold that the rule of "changed conditions" applies to both contested and uncontested divorce actions.

The lower court heard the testimony of numerous witnesses in regard to the issue of the custody of both children. Moreover, the court had before it, as noted above, detailed reports of home investigations conducted by the Department of Social Services. These reports concluded that each home was respectively suitable for the continued custody of the children therein. It must be borne in mind also that the son, Charles, has resided in the home of the respondent since 1971. We are of the opinion that the court's refusal to transfer custody of Charles to the appellant is amply supported by the record.

The final contention of the appellant is that the order of the trial court is not in conformity with Family Court Rule 13, which requires that the court shall set forth the salient facts upon which its order is based. While the order technically is subject to such an objection here, in view of the lengthy record that has been presented

this Court, we consider the decree to be sufficient for proper appellate review. The appellant's exception, therefore, is over-ruled.

## SECOND APPEAL

This appeal is from an *ex parte* order issued by the trial judge on August 28, 1975, authorizing the respondent to take with him to Cuba the parties' son, Charles. The journey to Cuba by the respondent and his family was for the purpose of the respondent's employment by the United States Government at Guantanamo Naval Base. The appellant contends that the court granted the order without providing her an opportunity to protect her rights of visitation with Charles.

There is no question but that the order was issued *ex parte* withount any prior notification to the appellant. The *ex parte* order was improvidently issued. No circumstances appear in the record justifying or mandating the use of an *ex parte* order, and the use of it in this instance is condemned. We reiterate here our previously expressed position with regard to the issuance of *ex parte* orders:

We take this opportunity to advise the Bench and Bar of the disfavor with which we regard *ex parte* orders and the stringent standards of necessity we demand of their issuance on review. Not only do such orders deprive this Court of adequate records on appeal but they deny to those deprived an opportunity to be heard in matters which affect them. In an adversary system, *ex parte* orders are reserved for those rare instances where there is no adverse interest or where exigent circumstances clearly require that action be taken before there is time for a full hearing. In the latter instance a full hearing shall take place as soon as possible. . . . *Herring v. Retail Credit Co.*, 266 S. C. 455, 224 S. E. (2d) 663 (1976).

At this time the minor child has been returned to the United States and again is residing with the respondent in Berkeley County. Thus, this temporary order

is no longer effective. There remains no actual controversy between the parties. In the case of *Mathis v. South Carolina State Highway Department*, 260 S. C. 344, 195 S. E. (2d) 713 (1973), we said:

We have held that this Court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy. *Fabian's Uptown v. South Carolina Tax Commission*, 247 S. C. 164, 146 S. E. (2d) 608. A case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy.

It is clear that the issue presented here is moot, and the second appeal is, therefore, dismissed.

This case is remanded for the purpose of determining a reasonable sum for support of the minor child, Michael Lee Holmes; in all other respects the order appealed from is affirmed.

Affirmed In Part; Remanded In Part.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.