## 21204

**In the Interest of Leroy SHAW, a child under seventeen years of age, Appellant.**

**(265 S. E. (2d) 522)**

536

*Thomas E. Player, Jr., of Richardson, James & Player, and Ruben L. Gray,* Sumter, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes, Staff. Atty. Lindy P. Funkhouser,* Columbia, and *Sol. R. Kirk McLeod,* Sumter, *for respondent.*

April 24, 1980.

GREGORY, Justice:

This appeal is from the order of the family court transferring trial jurisdiction to the court of general sessions pursuant to Section 14-21-540, 1976 Code of Laws of South Carolina.[1] We affirm.

---

[1] Section 14-21-540 states:

If a child sixteen years of age or older is charged with an offense which would be a misdemeanor or felony if committed by an adult, and if the court, after full investigation, deems it contrary to the best interests of such child or of the public to retain jurisdiction, the court may, in its discretion, acting as committing magistrate, bind over such child for proper criminal proceedings to any court which would have trial jurisdiction of such offense if committed by an adult.

Appellant Leroy Shaw was charged by petition to the family court with three counts of assault and battery with intent to kill, one count of armed robbery, and one count of .attempted armed robbery. At the time these offenses were alleged to have been committed, Shaw was sixteen years old. A hearing was conducted in the family court pursuant to Section 14-21-540 to determine whether it would be contrary to the best interests of Shaw or of the public to retain jurisdiction of the offenses in the family court. At this hearing the intake officer for the family court testified regarding Shaw's age, background and prior contacts with the family court, and a detective for the City of Sumter testified regarding the details of the crimes Shaw was charged with committing. Shaw offered no testimony or other evidence to resist the transfer.

By order of the family court dated May 3, 1978, the court, in its discretion, acting as committing magistrate, transferred trial jurisdiction to the court of general sessions. This appeal followed.

Appellant first contends the family court erred by failing to adequately comply with the provisions of Family Court Rule 27(3) by setting forth the salient facts and conclusions of law upon which the order was based. Appellant argues that due to the failure of the family court to comply with Rule 27(3) "the appellant is virtually precluded from excepting to the lower court's findings as his exception could only be of a general character that the hearing is contrary to the law and the evidence." Despite the "virtual impossibility" of framing proper exceptions, appellant has managed to draft ten (10) exceptions to the family court's order, and the order is sufficiently detailing, when viewed in conjunction with the transcript of record, to permit meaningful review of the order by this Court. See *McSwain v. Holmes,* 269 S. C. 293, 237 S. E. (2d) 363 (1977).

Appellant next contends that the family court lacked the authority to transfer jurisdiction to the circuit court, and argues that Section 14-21-540, the section pursuant to which the transfer was made, was repealed by Article II Section 2 of Act No. 690 of the 1976 Acts of the General Assembly, the "Judicial Reform Act."

Article II Section 2 of Act No. 690 of 1976 provides:

Except as otherwise provided by this act, the family court shall have the same authority and jurisdiction as that contained in Act 1195 of 1968; which jurisdiction shall be exclusive to all other courts including the circuit court; provided, however, that the offenses of murder and rape committed by persons under the jurisdiction of the family court shall be transferrable to the circuit court as provided in Act 1195 of 1968.

Article II Section 2 of Act No. 690 of 1976 is now codified as Section 14-21-415, 1978 Cum. Supp.

Act No. 1195 of the 1968 Acts of the General Assembly, the "Family Court Act," contained two provisions that authorized the transfer of a case from the family court to another court: 1) Article II Section 10(D) of Act 1195 of 1968 authorized the transfer of a case to the court of general sessions if a child, regardless of age, was alleged to have committed murder, manslaughter, rape, attempted rape, arson, common law burglary, bribery or perjury; and 2) Article II Section 13 of Act 1195 of 1968 authorized the transfer of a case to another court if a child sixteen years of age or older was charged with any offense that would be a misdemeanor or felony if committed by an adult, and if it would be in the best interests of the child or of the public to transfer jurisdiction. The former provision was amended by Act No. 690 of 1976 to apply only to the offenses of murder and rape and is presently codified as Section 14-21-510(C), 1978 Cum. Supp. The latter provision is presently codified as Section 14-21-540, 1976 Code.

Section 14-21-510(C) authorizes a transfer of jurisdiction on the basis of the nature of the offense without regard to the age of the juvenile. On the other hand, Section 14-21-540 authorizes a transfer of jurisdiction on the basis of the age of the juvenile without regard to the naure of the offense, as long as the offense would be criminal if committed by an adult. It is apparent that these two provisions of law were intended by the General Assembly to cover separate situations.

Article II Section 2 of Act No. 690 of 1976 (Section 14-21-415) contains a *proviso* which states "provided, however, that the offenses of murder and rape committed by persons under the jurisdiction of the family court shall be transferrable to the circuit court as provided in Act 1195 of 1968." Appellant argues that this *proviso* repealed Section 14-21-540 by implication.

The repeal of a statute by implication is not favored, and is to be resorted to only in the event of an irreconciliable conflict between the provisions of two statutes. If the provisions of the two statutes can be consrued so that both can stand, this Court will so construe them. *City of Spartanburg v. Blalock,* 223 S. C. 252, 75 S. E. (2d) 361 (1953).

The *proviso* to Article II Section 2 of Act No. 690 of 1976 refers only to the authority of the family courts under Act No. 1195 of 1968 [Section 14-21-510(C)] to transfer cases on the basis of the offense with which the juvenile is charged. The *proviso* is not addressed to and has no effect on the authority of the family courts under Act No. 1195 of 1968 (Section 14-21-540) to transfer cases on the basis of the juvenile's age. Section 14-21-540 and the *proviso* to Article II Section 2 of Act No. 690 of 1976 apply to different subjects, and thus do not stand in irreconcilable conflict. We find nothing in the *proviso* to Article II Section 2 of Act No. 690 of 1976 that requires a repeal by implication of Section 14-21-540.

Appellant's third contention raises a serious question not heretofore considered by this Court. Section 14-21-560, 1976 Code, sets forth the scope of the investigation that the family court judge is required to cause to be made "prior to the hearing of a case of any child." Section 14-21-560 provides in pertinent part as follows:

Prior to the hearing of a case of any child the judge shall cause an investigation of all the facts pertaining to the issue to be made. Such investigation shall consist of an examination of the parentage and surroundings of the child, his age, habits and history, and shall include also any inquiry into the home conditions, habits and character of his parents or guardian, if such is necessary in the discretion of the court. In such cases the court shall also, if advisable, cause the child to be examined as to his mentality by a competent and experienced psychologist or psychiatrist who shall make a report of his findings. Prior to the hearing in the case of any child, if such child attends school, there shall be obtained from the school which he attends a report concerning him. The school officials shall furnish such report upon the request of the court or its probation counselor. The court shall, when it is considered necessary, cause a complete physical examination to be made of the child by a competent physician. In any case, where the delinquency proceedings may result in commitment to an institution in which the child's freedom is curtailed, the child or his parents or guardian shall be given written notice, with particularity of the specific charge or factual allegations to be considered at the hearing. Such notice shall be given as soon as practicable and sufficiently in advance to permit preparation. The child or his parent or guardian shall also be advised in such notice of their right to be represented by counsel and that, if they are unable to employ counsel, counsel will be appointed to represent them. In any such hearing, the parent and child shall likewise be so expressly informed and shall be specifically required to consider whether they do or do not waive the right of counsel.

Section 14-21-540, the transfer section, also requires the family court judge to make an investigation, but states only that a determination of whether to transfer a case to another court should be made "after full investigation."

Appellant contends that the investigation requirements of Section 14-21-560 are applicable to a transfer proceeding under Section 14-21-540, and he argues that the family court did not comply with Section 14-21-560 in that the court received only sparse information about Shaw's background and did not request or consider a report from the officials of Shaw's school.

The family court judge, in agreement with the arguments of the State, found that the investigation requirements of Section 14-21-560 are inapplicable to a transfer proceeding under Section 14-21-540.

By its express terms, Section 14-21-560 requires an investigation "prior to the hearing of a case of any child." The State concedes that the requirements of this section are applicable to an adjudicatory hearing, but argues that the section does not apply to a transfer hearing. The State contends in its brief that "a transfer hearing is not a 'hearing on the case of any child' within the meaning of Section 14-21-560." We cannot agree.

The General Assembly has extended the protection of the family court to all juveniles within the meaning of Section 14-21-20(c) 1976 Code. This protection is not given to juveniles as a matter of right—it is given as a privilege. The General Assembly may condition the extension of this privilege, or it may withhold it completely, subject to the requirements of the Constitution that the conditions prescribed apply in like manner to all persons affected. *Woodward v. Wainwright,* 556 F. (2d) 781 (5th Cir. 1977); *In re Correia,* 104 R. I. 251, 243 A. (2d) 759 (1968).

Recognizing that the best interests of the public or of the juvenile may sometimes require that the juvenile be held accountable as an adult for his criminal conduct, the General Assembly included Section 14-21-540 within the article on delinquent children. The possible result of the application of this section to a juvenile is that the juvenile will be denied the privilege of the protection of the family court.

If a transfer under Section 14-21-540 is sought but denied, the family court will retain jurisdiction to determine whether the juvenile is delinquent. It is clear that prior to adjudicating delinquency, the family court judge must cause an investigation to be made in compliance with Section 14-21-560. If the juvenile is adjudicated a delinquent, the family court judge may: (a) place the child on probation or under supervision in his own home or in the custody of a suitable person; (b) commit the child until his twenty-first birthday to the custody or the guardianship of a public or private institution or agency authorized to care for children; (c) place the child in an appropriate medical or psychiatric treatment facility; or (d) order such other care or treatment as the court may deem best. Section 14-21-620.

If, on the other hand, a transfer under Section 14-21-540 is sought and granted, the juvenile will be treated as an adult and will be subjected to the possibility of imprisonment for a term of years up to and including life imprisonment.

When viewed in this fashion it becomes obvious that, in practical effect, the decision to remove a juvenile from the protection of the family court may be of greater significance to the juvenile than an actual adjudicatory proceeding in the family court. At the very least, a decision to transfer a case under Section 14-21-540 is no less important to the juvenile than an adjudicatory hearing.

The application of the investigation requirements of Section 14-21-560 to a transfer hearing under Section 14-21-540 stands or falls on the interpretation

of "a case of any child" as that phrase is used in Section 14-21-560. In the absence of a clear legislative mandate to the contrary, we cannot say that a transfer hearing under Section 14-21-540 is not a hearing on the case of a child. A transfer hearing involves matters of critical importance to a juvenile, *Kent v. United States,* 383 U. S. 541, 86 S. Ct. 1045, 16 L. Ed. 2d 84 (1966), and the investigation requirements of Section 14-21-560 are designed to insure that a decision involving the case of a juvenile will be made with full information. We are of the view that a transfer hearing is a hearing of the case of a child, and therefore hold that the investigation requirements of Section 14-21-560 are applicable to a transfer hearing under Section 14-21-540.

The appellant argues that the family court failed to comply with the investigation requirements of Section 14-21-560 by receiving only sparse information regarding appellant's background, and by receiving no report from the officials of appellant's school. We are of the view that the information received by the family court regarding appellant's background was sufficient to comply with Section 14-21-560. Furthermore, while it is true the family court judge erred by failing to receive a report from the officials of appellant's school, the error was patently harmless and nonprejudicial. Appellant had two prior contacts with the family court and is presently charged with three counts of assault with intent to kill, one count of armed robbery, and one count of attempted armed robbery. The nature and number of these charges, plus appellant's age, personal background and history with the family court, notwithstanding the absence of a school report, dictate that the family court judge find it contrary to the best interests of the juvenile or the public to retain jurisdiction of these offenses in the family court.

Appellant's final contention is that Section 14-21-540 denies him due process and equal protection of the law in that the statute fails to establish any guide-

lines for use by the family court judge in determining whether to transfer jurisdiction over a particular case to another court. We disagree.

Prior to determining whether to transfer a case under Section 14-21-540, the family court judge is required to conduct a full investigation in compliance with Section 14-21-560. A case may be transferred under Section 14-21-540 only upon a finding that it would be "contrary to the best interests of such child or of the public to retain jurisdiction." See also Section 14-21-160, 1976 Code. This "best interests" standard is sufficient, especially when coupled with the right of appellate review, to satisfy the requirements of due process and equal protection. See *Clemons v. State,* 162 Ind. App. 50, 317 N. E. (2d) 859 (1974) and cases cited therein. The transfer statute is not facially invalid, and appellant does not argue that it was applied in an unconstitutional manner.

Accordingly, we affirm the order of the family court judge transferring trial jurisdiction of appellant to the court of general sessions for Sumter County.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.