21205

In the Interest of Willie J. SULLIVAN, a child under seventeen years of age, Appellant.

(265 S. E. (2d) 527)

546

*H. F. Partee* and *Stephen J. Henry,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes, Staff Atty. Lindy P. Funkhouser,* and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

April 24,1980.

RHODES, Justice:

This is an appeal from an order of the family court relinquishing jurisdiction over appellant, Willie J. Sullivan, pursuant to Section 14-21-540 of the South Carolina Code (1976), in order that he might be tried as an adult in the court of general ssesions. We affirm.

Appellant was charged in June 1978 with attempted armed robbery and assault and battery with intent to kill. A petition was subsequently filed by the office of the solicitor alleging that the requirements of Section 14-21-540 had been met by appellant, who was sixteen years of age at that time, and that, in the best interests of the public, transfer to the court of general sessions from the family court would be proper. Section 14-21-540 provides that

[i]f a child sixteen years of age or older is charged with an offense which would be a misdemeanor or felony if com-

mitted by an adult, and if the court, after full investigation, deems it contrary to the best interests of such child or of the public to retain jurisdiction, the court may, in its discretion, acting as committing magistrate, bind over such child for proper criminal proceedings to any court which would have trial jurisdiction of such offense if committed by an adult.

Following a hearing on the matter, the family court entered an order relinquishing jurisdiction so that appellant might be tried in the court of general sessions. This appeal followed.

We first consider appellant's challenge to the initiation of the petition by the solicitor requesting a transfer to the general sessions court. He argues that Section 14-21-540 precludes any procedure except such as may be commenced by a family court judge. We disagree.

Rule 41 of the Rules of Practice for the Family Courts of South Carolina directs that the family court shall conduct a transfer hearing in a delinquency matter upon "request". Section 14-21-465, South Carolina Code (1976), provides that "[a]ll prosecutorial functions and duties in the family courts shall be a responsibility of and be vested in the solicitor of the circuit wherein the court is located." The solicitor's request to transfer the instant juvenile case to the circuit court was in compliance with such duties. Moreover, the court's issuance of a rule to show cause upon appellant as a means of proper notification of his transfer hearing establishes that the court was involved in the initial transfer proceeding.

Appellant also contends that he was deprived of meaningful review because of the summary nature of the family court's transfer order. While the order in this instance is technically subject to objection, in view of the comprehensive record that has been presented to this court and the fact that appellant was represented at the hearing by counsel who was permitted to fully argue appellant's

position, we consider the order to be sufficient for proper appellate review. See *McSwain v. Holmes,* 269 S. C. 293, 237 S. E. (2d) 363 (1977). We find no prejudice resulting to appellant from this deficiency.

However, we emphasize that it is the responsibility of the family court to include in its waiver of jurisdiction order a sufficient statement of reasons for, and considerations leading to, that decision. Conclusory statements, or a mere recitation of statutory requirements, without further explanation will not suffice. The order should be sufficient to demonstrate that the statutory requirement of full investigation has been met and that the question has received full and careful consideration by the family court. The salient facts upon which the order is based are to be set forth in the order. See 43 C. J. S. *Infants* § 48 (1978).

Appellant also asserts that the family court improperly waived jurisdiction under Section 14-21-540, South Carolina Code (1976), inasmuch as the authority to waive jurisdiction is exclusively limited under Section 14-21-510(C), South Carolina Code (Supp. 1978), to charges of murder and rape. He also argues that Section 14-21-540 is unconstitutional because it denies equal protection and due process of law. Each of these exceptions has been specifically ruled upon by this court in *State v. Shaw,* 265 S. E. (2d) 522 (1980), filed simultaneously herewith. *Shaw* held adverse to the contentions of appellant, and it is controlling in this case.

We have considered the remaining questions raised by appellant and conclude that no error of law was committed and that they are without precedential value. Accordingly, they are dismissed pursuant to Rule 23 of the Rules of Practice of this court.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.