PREHEARING REPORT

THIS OPINION HAS 
 NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN 
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Chase Randlyn Burnett, Appellant.
 
 
 

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No.  2004-UP-487
Submitted September 15, 2004  Filed 
 September 21, 2004

AFFIRMED

 
 
 
Deputy Chief Attorney Joseph L. Savitz, III, Office of Appellate 
 Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy 
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald 
 J. Zelenka, Assistant Attorney General Melody J. Brown, all of Columbia; and 
 Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

  
PER CURIAM:  Chase Randlyn Burnett appeals 
 her transfer from family court to circuit court and her conviction for murder.  
 We affirm. [1] 
FACTS
On September 21, 1998, Jonathan Burnett found his 
 mother, Robin Burnett, dead in her bedroom.  Police officers discovered Robin 
 had a single gunshot wound to the head and a gun in her hand, giving the initial 
 appearance of suicide.  Officers also determined Robin had most likely died 
 on the night of September 20.  Almost immediately, officers were concerned with 
 the odd position of the gun in Robins hand and focused their investigation 
 on Chase Burnett, Robins fifteen-year-old daughter.  
Alan Wood and Tim Tucker, of the Spartanburg sheriffs 
 department, questioned Chase.  After waiving her rights, Chase made two statements 
 to the police.  In her first statement, she denied any knowledge of her mothers 
 death and stated she spent the day of September 21 with her friends.  However, 
 in her second statement, made approximately one and a half hours after the first, 
 she recalled a nightmare where her mother pointed a gun at her father and herself.  
 Chase stated she then woke up in her mothers room, retrieved a gun from under 
 the bed, and pulled the trigger.  
Chase was charged with murdering her mother in 
 a juvenile proceeding in the family court; however, the family court transferred 
 jurisdiction to the circuit court, where Chase was tried and convicted of murder.  
 The circuit court sentenced Chase to forty years.  The court noted credible 
 evidence of a history of criminal domestic violence pursuant to Section 16-25-90 
 of the South Carolina Code (Supp. 2003), which makes Chase eligible for parole 
 after serving one-fourth of her sentence.  Chase appeals her transfer to circuit 
 court and her conviction for murder.
STANDARD OF REVIEW
 The appellate court will affirm a transfer order 
 unless the family court has abused its discretion.  State v. Avery, 333 
 S.C. 284, 292, 509 S.E.2d 476, 481 (1998).  An abuse of discretion occurs 
 when the conclusions of the trial court either lack evidentiary support or 
 are controlled by an error of law.  State v. Wise, 359 S.C. 14, 21, 
 596 S.E.2d 475, 478 (2004).
 LAW/ANALYSIS
 Chase appeals her 
 conviction on the grounds that the family court judges transfer order was 
 conclusory and without a sufficient factual basis.  We disagree.
 Section 20-7-7605(5) of the South Carolina Code 
 (Supp. 2003) allows transfer of jurisdiction over minors ages fourteen and 
 fifteen charged with a serious felony, if after full investigation and a hearing, 
 the family court determines it is contrary to the interest of the child or 
 public to retain jurisdiction.  In Kent v. United States, 383 U.S. 
 541 (1966), the United States Supreme Court enunciated eight factors for the 
 family court to consider when transferring a juvenile from family court to 
 circuit court.  In a recent case, our supreme court reiterated those factors:

 1.  The seriousness of the alleged offense to the community 
 and whether the protection of the community requires waiver.  
 2.  Whether the alleged offense was committed in an aggressive, 
 violent, premeditated, or willful manner.  
 3.  Whether the alleged offense was against persons or against 
 property, greater weight being given to offenses against persons especially 
 if injury resulted.  
 4.  The prosecutive merit of the complaint, i.e., whether 
 there is evidence upon which a Grand Jury may be expected to return an indictment.  
 
 5.  The desirability of trial and disposition of the entire 
 offense in one court when the juvenile's associates in the alleged offense 
 are adults who will be charged with a crime.  
 6.  The sophistication and maturity of the juvenile as determined 
 by consideration of his home, environmental situation, emotional attitude 
 and pattern of living.  
 7.  The record and previous [criminal or adjudicative] history 
 of the juvenile.  
 8.  The prospects for adequate protection of the public and 
 the likelihood of reasonable rehabilitation of the juvenile (if he is found 
 to have committed the alleged offense) by the use of procedures, services 
 and facilities currently available to the Juvenile Court.

 State v. Corey D., 339 S.C. 107, 117 n.4, 
 529 S.E.2d 20, 26 n.4 (2000) (quoting Kent, 383 U.S. at 566-67). 
 
 The family court 
 order that transferred jurisdiction over Chase to the circuit court contained 
 findings of facts regarding all of the Kent factors.  Chase argues 
 some of these findings were not supported by evidence and the courts findings 
 were conclusory.  
 Chase specifically addresses the eighth 
 Kent factor, and claims the family courts finding that a prospect 
 of rehabilitation within the juvenile system is not good is unsupported by 
 the record.  However, this finding of fact does have evidentiary support.  
 While Chases mental health diagnosis was in dispute, there was a consensus 
 that she had serious mental health problems. 
 [2]   The issue represented by the eighth Kent factor is whether 
 a family court sentence would offer sufficient time in the Department of Juvenile 
 Justice for Chase to be rehabilitated.  See Sanders v. State, 
 281 S.C. 53, 56, 314 S.E.2d 319, 321 (1984) (stating the serious nature 
 of the offense is a major factor in the transfer decision, especially where 
 a family court sentence cannot extend past the twenty-first birthday, whereas 
 the circuit court can impose an adult term sentence).
 Several expert witnesses testified 
 at the transfer hearing.  Two psychiatrists and a psychologist testified for 
 the defense and thought it would be appropriate for the Department of Juvenile 
 Justice to rehabilitate Chase, yet none could guarantee rehabilitation under 
 the maximum juvenile detention time frame.  The Department of Juvenile Justice 
 psychiatrist also could not determine with a reasonable degree of medical 
 certainty whether his department could rehabilitate Chase within the time 
 frame.  The evidence of rehabilitation was inconclusive at best.  
 Furthermore, evidence indicated 
 that the prospect of rehabilitation prior to Chases twenty-first birthday 
 or confinement release date was unlikely.  Chase had ten infractions in the 
 Department of Juvenile Justice that showed oppositional behavior.  This 
 resistance to authority was also demonstrated by Chases decision to quit 
 taking medication despite the treating physicians advice to the contrary.  
 Evidence concerning Chases resistance to authority undermines her ability 
 to be rehabilitated within the short time period that a family court sentence 
 would provide and supports the family courts decision to transfer jurisdiction 
 to the circuit court.  
 Additionally, Chase argues 
 the transfer order was conclusory and it was the responsibility of the family 
 court to include a sufficient statement of reasons for, and considerations 
 leading to, its decision.  See In re Sullivan, 274 S.C. 544, 
 548, 265 S.E.2d 527, 529 (1980).  The family courts transfer order, however, 
 when paired with the extensive hearing transcript, shows Chase is not deprived 
 of this courts meaningful review of the decision.  Id. 274 S.C. at 
 547-48, 265 S.E.2d at 529.  Instead, the entire record demonstrates the family 
 court devoted substantial time and consideration to this issue.  In light 
 of evidence supporting the family courts decision, we find no error in the 
 family courts order.
 AFFIRMED.
 STILWELL, BEATTY, and SHORT, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 
 [2]   A defense expert diagnosed Chase as suffering from post-traumatic 
 stress disorder and secondary depression whereas the state psychiatrist diagnosed 
 her with depression, features of borderline personality disorder, and adjustment 
 and anxiety disorders.