709 S.E.2d 696
**The STATE, Respondent,**
v.
**Tyquan Jared Amir JONES, Appellant.**
No. 4822.
Court of Appeals of South Carolina.
Submitted June 22, 2010.
Decided April 20, 2011.

648

Appellate Defender M. Celia Robinson, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General William M. Blitch, Jr., all of Columbia; Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.

KONDUROS, J.

Tyquan Jared Amir Jones was charged as a juvenile with murder, armed robbery, and unlawful possession of a pistol.

The family court waived jurisdiction and ordered he be treated as an adult. Jones then pled guilty in the circuit court to a lesser charge pursuant to a plea agreement. On appeal, he argues the family court erred in waiving jurisdiction because it did not properly apply the *Kent*[1] factors. He also contends the family court erred in admitting a statement he gave to police because his mother was not present during the interrogation or when he signed the waiver of rights form. He further maintains the statement was based on an unfulfilled promise by an officer. We affirm.[2]

## FACTS/PROCEDURAL HISTORY

On December 3, 2005, Jones, who was fifteen years old at the time, met his friends, Donte Gurley and Chris Gurley, at another friend's house. The group planned to rob Desmond Keith because he purportedly owed Chris money. Antonio Crawford joined the group and the four then confronted Keith. When Jones pulled out a gun, a shot fired, hitting Keith. Keith later died from the injury.

Jones was charged as a juvenile with murder, armed robbery, and unlawful possession of a pistol. The State moved to waive Jones to the court of general sessions and have him tried as an adult. Following a hearing, the family court waived its jurisdiction. Jones was then indicted for murder, attempted armed robbery, and conspiracy. Pursuant to a plea agreement, Jones pled guilty to voluntary manslaughter and the State dismissed the armed robbery and conspiracy charges and recommended Jones's sentence be capped at twenty years' imprisonment. The circuit court sentenced Jones to twenty years' imprisonment with credit for time served. This appeal followed.

## LAW/ANALYSIS

### I. Waiver of Jurisdiction

Jones contends the family court erred in waiving

---

1. *Kent v. United States*, 383 U.S. 541, 566–67, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).

2. We decide this case without oral argument pursuant to Rule 215, SCACR.

jurisdiction because it did not properly apply the *Kent*[3] factors. He further maintains the family court failed to take into account that the shooting was an accident. We disagree.

 The family court has exclusive jurisdiction over children[4] accused of crimes. S.C.Code Ann. § 63–3–510(A)(1)(d) (2010). However, the family court may transfer jurisdiction over a criminal matter to the court of general sessions. S.C.Code Ann. § 63–19–1210(6) (2010). Section 63–19–1210(6) provides:

> Within thirty days after the filing of a petition in the family court alleging the child has committed the offense of murder . . ., the person executing the petition may request in writing that the case be transferred to the court of general sessions with a view to proceeding against the child as a criminal rather than as a child coming within the purview of this chapter. The judge of the family court is authorized to determine this request.

"Upon a motion to transfer jurisdiction, the family court must determine if it is in the best interest of both the child and the community before granting the transfer request." *State v. Pittman*, 373 S.C. 527, 558, 647 S.E.2d 144, 160 (2007).

 The family court must consider the following factors when deciding whether to waive its jurisdiction over a juvenile:

(1) The seriousness of the alleged offense.

(2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner.

(3) Whether the alleged offense was against persons or against property, greater weight being given to offenses against persons especially if personal injury resulted.

(4) The prosecutive merit of the complaint.

(5) The desirability of trial and disposition of the entire offense in one court.

---

**3.** *Kent v. United States*, 383 U.S. 541, 566–67, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).

**4.** The statute defines a child or juvenile as "a person less than seventeen years of age." S.C.Code Ann. § 63–19–20(1) (2010). However, the statute further limits the definition to someone under sixteen for certain felony charges. *Id.*

(6) The sophistication and maturity of the juvenile as determined by consideration of his home, environmental situation, emotional attitude and pattern of living.

(7) The record and previous history of the juvenile, including previous contacts with law enforcement agencies, juvenile courts and other jurisdictions, prior periods of probation, or prior commitments to juvenile institutions.

(8) The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the juvenile (if he is found to have committed the alleged offense) by the use of procedures, services and facilities currently available.

*Id.* at 558–59, 647 S.E.2d at 160 (citing *Kent,* 383 U.S. at 566–67, 86 S.Ct. 1045).

▮▮▮ "The family court must provide a sufficient statement of the reasons for the transfer in its order." *Id.* at 559, 647 S.E.2d at 160. " 'The order should be sufficient to demonstrate that the statutory requirement of full investigation has been met and that the question has received full and careful consideration by the family court.' " *State v. Avery,* 333 S.C. 284, 293, 509 S.E.2d 476, 481 (1998) (quoting *In re Sullivan,* 274 S.C. 544, 548, 265 S.E.2d 527, 529 (1980)). The decision to transfer jurisdiction lies within the discretion of the family court, and the appellate court will affirm the family court's decision absent an abuse of discretion. *Id.* at 292, 509 S.E.2d at 481.

In *Pittman,* 373 S.C. at 560, 647 S.E.2d at 161, the juvenile argued the family court erred in finding he would not benefit from the rehabilitation program at the Department of Juvenile Justice (DJJ). The supreme court found:

Because we review the lower court's decision only for an abuse of discretion, this [c]ourt would have to find the family court's order wholly unsupported by the record in this regard to find error. Instead, we find that this record contains a great deal of evidence supporting the family court's decision. Looking at events occurring both before the waiver hearing and after, while there is evidence in the pre-trial motions hearings which suggests that [the juvenile] was cooperative and capable of rehabilitation, the record also reflects that [the juvenile] engaged in escape plans,

made shanks, and caused other disruptions while in the custody of DJJ.

*Id.*

In this case, we find the family court properly considered all of the *Kent* factors in deciding to waive jurisdiction. It made specific findings as to each of the eight factors. It found the crimes with which Jones was charged are classified as most serious offenses and evidence indicated "the suspects approached the victim, attempted to rob him, and shot him." It further noted, "These crimes were premeditated and committed in an aggressive, violent, and willful manner. ... The community requires protection from the persons who committed these offenses." Additionally, the court found the crimes were committed against people, which elevated the seriousness of the offenses.

Although the court "sympathize[d] with [Jones's] lack of opportunities and the environment in which he lives," it observed that Jones had previously received a probationary sentence after being adjudicated delinquent for armed robbery. After he violated probation, he was committed to DJJ, where his sentence was extended after he was found in possession of a small amount of marijuana. The court noted that Jones thought about the need to change his lifestyle while he was at DJJ but upon his release he renewed his relationship with at least one of his co-defendants and retrieved the handgun he had entrusted to the co-defendant.

Jones places importance on his belief the trial court failed to take into account the shooting was an accident or that he did not intend to hurt the victim. However, the family court noted in its order, "While the death of the victim was not premeditated, it is reasonable to assume that harm could occur during the commission of the armed robbery." Accordingly, we find the family court did not abuse its discretion in waiving jurisdiction.

## II. Voluntariness of the Statement

Jones argues the family court erred in admitting into evidence his statement to police because his mother was not present during the interrogation or when he signed the waiver of rights form. He also contends the statement was based on

an unfulfilled promise by an officer that he would speak to the court and ask for lenient treatment. We find his argument concerning the officer is unpreserved. Additionally, his argument concerning his mother's presence is abandoned.

"An issue may not be raised for the first time on appeal. In order to preserve an issue for appeal, it must be raised to and ruled upon by the trial court." *In re Michael H.,* 360 S.C. 540, 546, 602 S.E.2d 729, 732 (2004). Further, "[a] party may not argue one ground at trial and an alternate ground on appeal." *State v. Dunbar,* 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003); *see also State v. Benton,* 338 S.C. 151, 157, 526 S.E.2d 228, 231 (2000) (finding an issue unpreserved when the appellant argued one ground in support of a jury charge at trial and another ground in support of the charge on appeal).

Additionally, "short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review." *Glasscock, Inc. v. U.S. Fid. & Guar. Co.,* 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct.App.2001). "An issue is also deemed abandoned if the argument in the brief is merely conclusory." *State v. Colf,* 332 S.C. 313, 322, 504 S.E.2d 360, 364 (Ct.App.1998), *aff'd as modified,* 337 S.C. 622, 525 S.E.2d 246 (2000).

Jones's argument regarding his being induced into making the statement by the officer is not preserved because he never argued the statement was involuntary for this reason at trial. Further, although Jones's issue statement contends the statement was involuntary because his mother was not present as well as he was induced into making the statement by the officer, the body of his brief revolves around only the contention that the statement was induced. He provides no case law or argument regarding whether a parent is required to be present during questioning or signing of the waiver. Nor does he explain how a parent's failure to be present makes a statement involuntary. Accordingly, we find Jones's argument relating to his mother's failure to be present is abandoned.

## CONCLUSION

We find the family court did not abuse its discretion in waiving jurisdiction. Additionally, Jones's argument regarding the officer inducing him to make a statement is unpreserved. Further, Jones's argument about his mother's failure to be present during his questioning or signing of his statement is abandoned. Accordingly, the family court's decision is

**AFFIRMED.**

GEATHERS and LOCKEMY, JJ., concur.