THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Nathaniel
 Murray, Appellant.
 
 
 

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2012-UP-228
Heard March 1, 2012  Filed April 18, 2012    

AFFIRMED

 
 
 
 Assistant Appellate Defender Elizabeth
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John McIntosh, Assistant Deputy Attorney General Salley E.
 Elliott, Assistant Attorney General David Spencer, Staff Attorney Julie Kate Keeney,
 and Solicitor Daniel E. Johnson, all of Columbia, for Respondent.
 
 
 

PER CURIAM: Nathaniel Murray appeals his convictions
 of two counts of armed robbery and one count of failure to stop for a blue
 light.  He contends because the State had not shown his being shackled was
 necessary, the trial court erred in having him remain shackled and be seated at
 the witness stand when the jury entered the courtroom so they could not view
 his shackles.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:
1.  As to
 whether the trial court erred in requiring Murray to remain shackled during his
 testimony: Deck v. Missouri, 544
 U.S. 622, 628 (2005) ("Courts
 and commentators share close to a consensus that, during the guilt phase of a
 trial, a criminal defendant has a right to remain free of physical restraints
 that are visible to the jury; that the right has a constitutional
 dimension; but that the right may be overcome in a particular instance by
 essential state interests such as physical security, escape prevention, or
 courtroom decorum."(emphasis
 added)); id. at 629 ("Thus, the Fifth and Fourteenth Amendments
 prohibit the use of physical restraints visible to the jury absent a
 trial court determination, in the exercise of its discretion, that they are
 justified by a state interest specific to a particular trial. Such a
 determination may of course take into account the factors that courts have
 traditionally relied on in gauging potential security problems and the risk of
 escape at trial." (emphasis added)); State v. Patterson, 367 S.C. 219, 228, 625 S.E.2d
 239, 243 (Ct. App. 2006) ("An error not shown to be prejudicial does not constitute grounds for reversal."); State
 v. Reeves, 301 S.C. 191, 193-94, 391 S.E.2d 241, 243 (1990) ("No
 definite rule of law governs [finding an error harmless]; rather, the
 materiality and prejudicial character of the error must be determined from its
 relationship to the entire case."); State v. Jolly, 304 S.C. 34,
 37, 402 S.E.2d 895, 897 (Ct. App. 1991) ("Errors are harmless where they
 could not reasonably have affected the result of the trial."); State v.
 Sherard, 303 S.C. 172, 176, 399 S.E.2d 595, 597 (1991) (stating an appellate
 court "will not set aside a conviction due to insubstantial errors not
 affecting the result"). 
2.  As to
 whether the trial court erred in failing to swear in Murray in front of the
 jury: State v. Jones, 392 S.C. 647, 655, 709 S.E.2d 696, 700 (Ct. App.
 2011) ("'An issue may not be raised for the first time on appeal.  In
 order to preserve an issue for appeal, it must be raised to and ruled upon by
 the trial court.'" (quoting In re Michael H., 360 S.C. 540, 546,
 602 S.E.2d 729, 732 (2004))).  
AFFIRMED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.