**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jason Ray Franks, Appellant.

Appellate Case No. 2011-182106

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2013-UP-020
Submitted December 3, 2012 – Filed January 16, 2013

**AFFIRMED**

Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Julie Kate Keeney, all of Columbia; and Solicitor Kevin Brackett, of York, for Respondent.

**PER CURIAM:** Affirmed[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in rejecting proffered testimony regarding the victim's physical abilities during a subsequent incident: *State v. Lewis*, 293 S.C. 107, 110, 359 S.E.2d 66, 67 (1987) ("The admission and rejection of proffered testimony is largely within the sound discretion of the trial [court]. Absent an abuse of discretion, [the trial court's] rulings will not be disturbed on appeal."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 402, SCRE ("Evidence which is not relevant is not admissible.").[2]

2.  As to whether the trial court erred in allowing extrinsic evidence of a prior inconsistent statement of a witness in violation of Rule 613(b), SCRE: Rule 613(b), SCRE ("Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is advised of the substance of the statement, the time and place it was allegedly made, and the person to whom it was made, and is given the opportunity to explain or deny the statement. If a witness does not admit that he has made the prior inconsistent statement, extrinsic evidence of such statement is admissible."); *State v. Moses*, 390 S.C. 502, 522, 702 S.E.2d 395, 406 (Ct. App. 2010) ("Generally, where the witness has responded with anything less than an unequivocal admission, trial courts have been granted wide latitude to allow extrinsic evidence proving the statement." (citation and internal quotation marks omitted)).

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] Franks additionally argues in his brief that Rule 608(c), SCRE, applies; however, this argument is not preserved because Franks did not raise it at trial. *See State v. Jones*, 392 S.C. 647, 655, 709 S.E.2d 696, 700 (Ct. App. 2011) ("[A] party may not argue one ground at trial and an alternate ground on appeal." (citation and internal quotation marks omitted)).